### Gulf & S. I. R. Co. *v.* Mitchell.

[73 South. 577, Division A.]

1. Costs. *Jury tax. Statutes.*

    A jury tax of three dollars is a part of the cost of a case under Code 1906, section 700, so providing.

2. Cost. *Liability of successful party. Jury tax. Statutes.*

    Under Code 1906, section 954, making a successful defendant liable for all cost accrued at his instance, and not paid or collected from the other party where no property of plaintiff could be found,

a successful defendant is liable for the jury tax of three dollars imposed by section 700 of the Code, since such tax is only imposed where a plea is filed and the defendant by his affirmative act in filing a plea causes the cost to accrue.

APPEAL from the circuit court of Covington county. HON. W. H. HUGHES, Judge.

Suit by Ralph Mitchell against the Gulf & Ship Island Railroad Company. Judgment for defendant was duly entered and execution against plaintiff for the cost was returned *nulla bona,* whereupon execution was issued against defendant for the cost accruing at his instance. From an adverse decision against defendant on its motion to retax the cost it appeals.

The facts are fully stated in the opinion of the court.

*Mayes, Wells, May & Sanders,* for appellant.

*W. U. Corley,* for appellee.

SYKES, J., delivered the opinion of the court.

The appellee, Ralph Mitchell, brought suit against the appellant, Gulf & Ship Island Railroad Company in the circuit court of Covington county, and upon a trial of same the jury returned a verdict in favor of the defendant, whereupon judgment was duly entered by the court in favor of the defendant. Execution against the plaintiff for the costs was issued, and a return of *nulla bona* or "no property" was made on same, whereupon execution was issued against the successful defendant railroad company for the costs accruing at its instance. This cost bill included an item of three dollars jury tax. The railroad made a motion to retax the costs, tendering into court all other items of cost except the three dollars jury tax, and contending that it was not liable for the said jury tax. The only question, therefore, for decision before this court is whether or not a successful defendant, after a jury trial, when

112 Miss.—36

execution has been issued and returned "no property," against the plaintiff, is liable for this jury tax of three dollars.  Section 954, Code of 1906, provides as follows:

Successful Party Liable for Certain Costs.— All costs accrued at the instance of the successful defendant in a suit, which cannot be collected out of the other party, may be collected from such defendant; and after return of 'no property' on execution against a plaintiff or complainant against whom costs were adjudged, execution may be issued against the successful defendant for all costs accrued at his instance and not paid or collected from the other party.  A successful plaintiff or complainant shall be liable for all the costs of the case." accrued at his instance which cannot be collected from the defendants; and after return of 'no property' on execution against the defendant against whom costs were adjudged, execution may be issued against the successful plaintiff or complainant for all the costs of the case accrued at his instance not paid or collected from the defendant; and an unsuccessful plaintiff or complainant shall be liable for all costs of the case."

The above section makes the successful defendant liable for "all costs accrued at his instance and not paid or collected from the other party." Section 700, Code of 1906, reads as follows:

"Jury Tax Imposed, and How Collected.— A jury tax of three dollars is imposed on each original suit in the circuit court in which a plea is filed, and on every issue therein tried separately by a jury, and a tax of two dollars on each case transferred or appealed thereto, to constitute a fund for the payment of jurors, and to be collected by the clerk or sheriff as costs. The clerk shall be liable on his official bond for any failure to charge, receive, or issue execution for the jury tax; and the sheriff shall likewise be liable for a failure to collect or to pay the same to the county treasurer; and they may be fined as for a contempt therefor not more than one hundred dollars,"

The question then to be decided by this court re-solves itself into this, viz.: Whether or not a jury tax of three dollars is a part of the costs of the case; and, second, if it is, then whether or not in this case this cost accrued at the instance of the defendant. Section 700, above quoted, provides that this jury tax is to be collected by the clerk or sheriff as costs. This section of the Code does not say that this jury tax is to be collected in the same manner as the costs are collected, but says it is to be collected as costs, which is equi-valent to saying that it is to be collected as a part or parcel of the costs. This, in effect, makes it an item or part of the costs, just as the fees of the clerk, sheriff, and witnesses constitute a part of the costs. The su-preme court of North Carolina, in construing statutes somewhat similar to ours, held this jury tax to be a part of the costs:

" 'On every indictment or civil suit . . . the parties convicted or cast shall pay a tax of one dollar, and in every suit in equity, a tax of two dollars.' Rev. Code ch. 28, par. 4. By the same statute, 'all fines, amercements, forfeitures and taxes on suits,' are appropriated for the purpose of defraying the costs of state prosecutions, and the contingent expenses of the county. And it is made the duty of the clerk to report all such taxes, fines, forfeitures and amercements, and to account and pay them over to the proper officer. Under this statute the clerk collected the amount of taxes on civil suits reported, and failed to account for or pay it over.

"The defendant, who is surety for the clerk on his official bond, objects to paying the taxes on civil suits collected by the clerk: (1) Because the statute under which he collected them had been repealed, so that he did not collect them by virtue or under color of his office, or by authority of law. The foundation for their defense is the general revenue act of 1858-59, which re-peals all taxes not therein imposed; and, this being a

tax on suits, it is repealed. This defense will not avail the defendant, because the tax on suits is not the kind of taxes embraced in that revenue act. Indeed it is not a tax at all in the sense that public taxes are understood. It is a part of the bill of costs taxed by the clerk to be paid by the unsuccessful party in every suit to pay the expenses of the court, the aid of which he has wrongfully invoked at the public expense. The fact that it is called a tax makes no difference. 'Tax' is a familiar and appropriate term in judicial proceedings. The fees of clerks, sheriffs, witnesses, referees, lawyers, are all taxes upon the losing party, and are 'taxed' by the clerk as the costs. The court orders the costs to be 'taxed' by the clerk, and to be paid as taxed. A motion to retax a bill of costs is common. The statute directs costs to be taxed by the clerk. 'The prevailing party shall be entitled to recover the fees of referees and witnesses, and other necessary disbursements to be taxed according to law.' Bat. Rev. ch. 17, par. 287. So an attorney's fee is taxed, and if an attorney take a larger 'tax fee' than allowed by law, he shall be indicted, etc. In the very case before us his honor directed the plaintiff to pay the costs to be 'taxed by the clerk.' And one of the definitions of 'tax' in Webster is: 'To assess, fix, or determine judicially, as the amount of costs on action in court; as the court taxes bills of costs.' We are of the opinion that the revenue act of 1858-59, or any like act, does not embrace the tax in question on suits, unless specially mentioned.'' *Elijah Hewlett* v. *Henry Nutt,* 79 N. C. 263.

In speaking of a statutory jury tax, the supreme court of Maine, in the case of *Randall* v. *Kehlor,* 60 Me. 37, 11 Am. Rep. 169, has the following to say:

"The plaintiff, as a preliminary to a trial by jury, has always been held to pay the customary jury fee. If on the trial he succeeds, the amount paid is an item of costs, which the law imposes upon the defendant. By the act under consideration, the defendant, desiring a

jury trial, must pay the fee. But the amount thus paid is a charge to be taxed in his bill of costs in case of his success. If unsuccessful, the defendant has only paid what, in such case, the law would compel him to pay."

As to the second proposition advanced by the appellant, viz. that this three dollar jury tax did not accrue at its instance, section 700 of the Code provides that this jury tax is imposed on every suit in which a plea is filed. The tax does not accrue until the filing of the plea by the defendant. If the defendant fail to file a plea, then no jury tax is incurred. It is the affirmative act of the defendant in filing its plea that causes the imposition of this jury tax. This cost then of three dollars accrues at the instance of the defendant, caused by the filing of its plea. The appellant is therefore liable for the jury tax.

*Affirmed.*