BUTLER *v.* STATE.*

(Division B.    May 16, 1927.)

[112 So. 685.    No. 26326.]

1. CRIMINAL LAW. *Court without objection should exclude remark of state's witness, not responsive to question, that defendant is bad man and that he wants to get rid of him.*

    While the court will not reverse a case for the admission of evidence without objection, yet where a witness testifying against a person injects into his evidence (without such evidence being responsive to a question) that the defendant is a "bad man" and that he wants to get rid of him, the court should exclude such remark from the jury although not objected to by the defendant.

2. HOMICIDE. *Where evidence fails to make out murder, court should limit issue to manslaughter or self-defense.*

    In a trial for murder, where the evidence fails to make out a

charge of murder, the court should limit the issue to manslaughter or self-defense.

*Corpus Juris-Cyc. References: Ciminal Law, 16CJ, p. 885, n. 73; 17CJ, p. 319, n. 22; Homicide, 30CJ, p. 398, n. 39.

APPEAL from circuit court of Lowndes county.

HON. J. I. STURDIVANT, Judge. .

Richard Butler was convicted of murder, and he appeals. Reversed and remanded.

*Frierson & Weaver,* for appellant.

I. Our principal contention is that under no circumstances could a verdict of murder be sustained. Under all the circumstances an indictment for manslaughter should have been returned instead of an indictment for murder. No willful malice is shown. All the evidence in the case shows that it was a negro fracas, with a smaller negro, who has been overrun all his life by a big negro brother who was a giant in size and strength, defending. himself from the threatened attack; or even if there was no need for self-defense, certainly not willfully murdering but acting in the heat of passion.

We insist that it became the duty of the court to instruct the jury that they could not return a verdict for a higher degree than manslaughter under the evidence. Section 957, Hemingway's Code, also section .974 and 968. "Deliberation is a necessary element of murder." *Guest* v. *State,* 96 Miss. 871, 52 So. 211; *Staiger* v. *State,* 70 So. 690; *People* v. *McMahon* (Ill.), 98 N. E. 238; *Jones* v. *State,* 54 So. 724; *Howard* v. *Com.,* 200 S. W. 29. There is nothing whatever in the evidence or in the circumstances to justify a verdict of murder.

II. A mass of irrelevant and prejudicial testimony was permitted to go in over the protests and objection of the defendant. Mr. HAIRSTON, J., was a character witness for the deceased and gave him a good character.

To show his interest and feeling toward appellant, we quote from Mr. Hairston's testimony that he was at the preliminary trial and on cross-examination answered as follows:

"Q. How did you happen to go out there? A. I was interested in the case and I went out there."

"Q. Why were you interested in the case? A. For different reasons I took an interest in the case. I was interested—I have a lot of labor in that country. Dick Butler is a bad negro and I wanted to get rid of him. I do not want him about there in the community."

The testimony which we have quoted shows decidedly the prejudice of the witness. This evidence allowed by the court to go to the jury over the protests of the defendant was altogther improper.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

I. *Sufficiency of the testimony.* According to the testimony for the state there was no provocation that would tend to superinduce the "heat of passion" as is known to the law and reduce the grade of the crime from murder to manslaughter. Even under the testimony of the defendant the provocation was not sufficient to reduce the grade of the crime. *Preston* v. *State,* 25 Miss. 383; *King* v. *State,* 74 Miss. 576.

Defendant used a brick. Such an instrument is a deadly weapon. A deadly weapon is any instrument likely from its use to produce death or great bodily harm. *Ackers* v. *U. S.,* 164 U. S. 388, 41 L. Ed. 743; *State* v. *Bowles,* 47 S. W. 892, 69 A. S. R. 598; Ann. Cas. 1912A 1329; 13 R. C. L., page 741, paragraph 46; *Jeff* v. *State,* 39 Miss. 593.

The record shows that this murder was committed without any excuse or justification known to the law. This is sufficient to show malice. Malice in murder means knowledge of such circumstances that according to com-

mon experience there is a plain and strong liklihood that death will follow the committed act. *Commonwealth* v. *Chance,* 54 N. E. 551, 75 A. S. R. 306.

Malice is the intentional doing of a wrongful act toward another without legal justification or excuse. *Hawthorn* v. *State,* 58 Miss. 778; *Lamar* v. *State,* 63 Miss. 265; *Smith* v. *State,* 1 Miss. Dec. 19; *U. S.* v. *Hart,* 162 Fed. 192; *Boulden* v. *State* (Ala.), 15 So. 341; *Lovitt* v. *State* (Fla.), 11 So. 550, 17 A. L. R. 705; *Patterson* v. *State* (Ala.), 47 So. 52; *Tucker* v. *State* (Ga.), 66 S. E. 250.

The testimony in this case proves motive; it proves malice; it proves the use of a deadly weapon in a manner likely to produce death or great bodily harm. It proves that defendant actually used such weapon with malice aforethought and that such use produced death. The testimony is sufficient to sustain the verdict of the jury. .

II.  Counsel for appellant contend that the testimony of George Hairston prejudiced the jury against the defendant because Mr. Hairston testified that he was interested in the case and wanted to get rid of Dick Butler, the defendant. This would go to the credibility of the witness, but would not make his testimony incompetent. The jury may consider the interest of the witness in considering the weight of his testimony.

Argued orally by *J. T. Frierson,* for appellant, and *J. A. Lauderdale,* Assistant Attorney-General, for the state.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was indicted and convicted of the murder of his brother in Lowndes county, Mississippi. The evidence shows that the two brothers met at the house of a third party on the occasion of the killing, and that

they were friendly during the first part of the time they were together, but that a dispute arose between them and hot words passed, finally resulting in the appellant picking up a brickbat and throwing it at his brother, striking him on the head, from which lick he died during the following night.

Among the instructions asked for and refused the defendant, was one reading as follows:

"The court instructs the jury for the defendant that they shall not find defendant guilty of murder, but if they find the defendant guilty at all it must not be for a higher degree of homicide than manslaughter."

We have carefully. examined and considered the evidence in the record, and have reached the conclusion that it is insufficient to support a conviction of murder. We have great respect for the verdict of a jury, where the jury is composed, as they are required to be, of persons of good intelligence, sound judgment, and fair character, and we are reluctant ever to disturb the finding of fact by a jury unless the record establishes error, apart from the judgment of the facts, warranting us in reversing the case.

We can only account for the verdict in the present case on the theory that the state's witness, introduced by the state to contradict the defendant on some matters about which he testified while being cross-examined as to his interest in the result of the suit, stated that he was interested, that his father owned a large plantation and employed considerable labor in the community, and that the defendant was a bad negro, and that he wanted to get rid of him. This statement was not objected to, nor was any motion made to exclude it, and of course we cannot consider it as error per se. The law, however, recognizes the force and efficacy of evidence either of good or bad character in the trial of criminals; and, while evidence of a good character may be legally sufficient to warrant an acquittal, it is equally efficacious when evidence of a bad character creeps into the hearing to

turn the scale in the other direction, not legally, but in fact; and we are satisfied that this evidence had a prejudicial effect in the decision of the case, and it should have been excluded, although not objected to.

We would not reverse for the admission of this evidence without objection, if the evidence were strong enough to support a conviction of murder, but in a case where the evidence shows manifestly that it was either manslaughter or in self-defense, we think it was the moving cause for the conviction. The judgment of conviction will, therefore, be reversed and the cause remanded for a new trial.

*Reversed and remanded.*