RENFROW *v.* STATE.*

(Division A. June 10, 1929.)

[122 So. 750. No. 28053.]

*Orma R. Smith,* of Corinth, for appellant.

*J. A. Lauderdale,* Assistant Attorney-General, of Jackson, for the state.

Argued orally by *Orma R. Smith,* for appellant, and by *J. A. Lauderdale,* Assistant Attorney-General, for appellee.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a conviction for receiving stolen property. The indictment alleges the unlawful and felonious receipt of the property by the appellant, but does not allege that it was received by him with intent to deprive the owner thereof, or for any other specific unlawful intent. No objection was made to the indictment in the court below, but an objection thereto is made in this court on the ground that it should have alleged the specific unlawful intent with which the appellant received the property. We will leave out of view the failure of the appellant to object to the indictment in the court below.

Section 1259, Code of 1906 (Hemingway's 1927 Code, section 1038), provides that, "if a person buy or receive in any manner or on any consideration personal property of any value, feloniously taken away from another, knowing the same to have been so taken, he shall be guilty of receiving stolen goods, and, on conviction, shall be punished," etc. The words "on any consideration" negative the idea that the property must have been received with any specific intent; consequently it is not necessary to so allege in an indictment.

The evidence discloses that Joe Shaw had an agreement with the appellant that the appellant would receive, sell, and account to him for any property he (Joe Shaw) might steal and deliver to the appellant. Shaw testified that he stole two cases of Camel cigarettes and several bolts of cloth from a car of the Mobile & Ohio Railroad Company, and placed them temporarily in a ditch. He reported this fact to the appellant who sent an employee of his with a dray for the property. Shaw accompanied this employee, and removed the property to the appellant's premises. The sheriff testified that he found the property there and removed it to his (the sheriff's) office. This evidence seems to have been excluded by the court below. Another witness who had accompanied the sheriff when he seized the property testified without objection that the property was removed by them from the appellant's premises to the sheriff's office where it was afterwards inspected by Shaw, and that the value of the property was about one hundred and fifty dollars. Shaw also testified that the property he inspected at the sheriff's office was that stolen by him and delivered to the appellant.

A request by the appellant for a directed verdict was refused by the court below. This ruling is said by the appellant to be erroneous, for the reason that the ownership and value of the property stolen were not proven. The indictment alleges that the property was owned by the Mobile & Ohio Railroad Company. Shaw testified that he stole the property from a car of that company. This was sufficient proof of the ownership of the property; it being immaterial whether the property was in the possession of the railroad company as owner or as bailee for another. 36 C. J., 860.

The only specific evidence as to the value of the property was that given by the witness Franks, which evidence the appellant here claims was excluded by the

court below. This evidence was not excluded, and no objection appears in the record thereto, but without it the peremptory instruction was properly refused, for it was not necessary for the value of the property to be specifically proven. If it was of any value, the crime defined by the statute was committed, and the jury had the right to infer from the description of the property that it was of some value. 34 Cyc. 529; *State* v. *Gerrish,* 78 Me. 20, 2 A. 129. The appellant, however, was sentenced to a term in the penitentiary, and we will assume that under section 1514, Code of 1906 (Hemingway's 1927 Code, section 1335), such a sentence should not have been imposed if the value of the property received by the appellant was less than twenty-five dollars. In this connection, therefore, the evidence of the witness Franks as to the value becomes material, but as we hereinbefore stated that evidence was not excluded in the court below.

The court below refused a request by the appellant for an instruction to the jury "that admission made orally should be considered by the jury with much caution owing to the person speaking not clearly expressing his intentions, or the person spoken to not having clearly understood the speaker." This instruction was properly refused; one sufficient reason therefor being that it was a charge on the weight of the evidence, section 793, Code of 1906 (Hemingway's 1927 Code, section 591).

An instruction for the state defining the crime with which the appellant was charged did not include therein that the goods must have been received by the appellant with a specific unlawful intent. What we have said with reference to the necessity of the indictment alleging that the property was received with a specific fraudulent intent applies here, and moreover an instruction requested by the appellant defined the crime as did this instruction for the state without including therein the necessity for

the property to have been received by the appellant with a specific unlawful intent.

*Affirmed.*