BANGREN v. STATE.

(In Banc.  May 28, 1945.)

[22 So. (2d) 360.  No. 35712.]

**O. R. Smith**, of Corinth, and **Fred B. Smith**, of Ripley, for appellant.

**Greek L. Rice,** Attorney General, by **Geo. H. Ethridge,** Assistant Attorney General, for appellee.

Argued orally by **Fred B. Smith** and **O. R. Smith**, for appellant, and by **Geo. H. Ethridge**, for appellee.

**Alexander, J.,** delivered the opinion of the court.

Appellant was convicted of manslaughter. The salient facts are found in the opinion of the Court in a former hearing. 17 So. (2d) 599. Some discrepancies in the testimony are urged and will be later mentioned. The assignment of error includes alleged errors in denying a directed verdict for appellant, insufficiency of the evidence to convict, the granting of certain instructions for the state, and the admission of certain testimony for the state.

We have carefully considered the testimony and conclude that the issue of guilt was for the jury and that its verdict is supported by the evidence. The only noticeable variance in the evidence as revealed by the two trials, concerns a threat allegedly made by appellant, after deceased had left her house, that if he came back she would kill him, whereas it is now claimed that later testimony was to the effect that if he came back "raising trouble" she would kill him. The variance, if shown, would be relevant only as introducing a conditional threat and as a foundation for justifying her act as a defense, not of herself, but of her habitation. This later contention will be discussed under the assignment as to the instructions. It may here be mentioned that an instruction for the appellant in substance authorized the jury to disregard whichever statement was made if they believe she acted in necessary self-defense.

The first instruction for the state was drawn to authorize conviction unless the defendant acted in necessary self-defense. It did not allow acquittal if the act was justified as a defense of her home. Yet the instructions for the defendant adopted the same theory and authorized acquittal only if defendant acted in her own defense. Moreover, the defendant in her own testimony stated that deceased had seized her arm and that she shot him "as he was jerking me out of the door on the porch." He fell and was found lying in the street. An eyewitness

stated that she "heard the shot and he was walking out in the street." The defendant, when asked why she shot deceased, explained "Because he was about to kill me." We are of the opinion that the only issue here presented was whether appellant acted reasonably in necessary self-defense.

The third instruction for the state was to the effect that "the jury should not give the defendant the benefit of mere timidity or needless fear," but, in substance, she must reasonably have believed herself in danger of death or great bodily harm. The instruction in language comprehensible to the jury satisfactorily contrasted capricious or groundless fear with reasonable apprehension and was without prejudicial effect.

During the state's examination evidence was introduced which showed that the house of appellant was conducted as a house of prostitution, and that deceased had entered it for such purposes. We think it was unavoidable that such disclosure be made, since the origin of the difficulty is found in trouble which arose between deceased and one of the inmates over money paid to the latter. Where the testimony discloses events or even other crimes which are connected with the one charged and sheds light upon the motive of the defendant, or where it forms part of a chain of facts so intimately connected that the whole must be heard in order to interpret its several parts, it is admissible. Massey v. State (Miss.), 19 So. 2d 476. Here other crimes were not shown unless the disclosure of the character of the house implied the commission of prior offenses or foretold future illegality. It was competent and here relevant to establish the status of the premises and the character of its occupants. It was an inseparable part of the entire picture whose background included the setting for the controversy which ended fatally, its cause, the parts played by the several characters, as well as explaining the presence and purpose of deceased and his status as invitee or trespasser. It may be that unnecessary details were developed. Yet these were not of them-

selves prejudicial, since they were but an elaboration of the relevant fact that the house was one of prostitution.

Appellant complains of the exclusion of her proffered testimony that there remained unfired cartridges in her pistol, the argument being that had she acted unjustifiably or in malice she would have exhausted all her punitive resources. Exclusion of this testimony was not error. The first deliberate shot killed deceased and repelled his advances. If appellant was not justified in firing the first shot—and the jury found she was not—it was immaterial what she did or did not do thereafter.

Other testimony offered by appellant was excluded, but we find no reversible error in the action of the court and do not reproduce the details thereof.

Affirmed.