STEELE *v.* STATE.

Mar. 24, 1952.

No. 38187 (57 So. (2d) 572)

**Earle L. Wingo,** for appellant.

**Geo. H. Ethridge,** Assistant Attorney General, for appellee.

## McGehee, C. J.

In this case the appellant, Mose Steele, was indicted for having conspired with G. C. Corley and Eckel Padgett to take, steal and carry away two head of white-faced cows and a white-faced heifer calf, the property of Dennis Granberry, and of the value of approximately $375. He was convicted of such criminal conspiracy, sentenced to serve a term of six months in the county jail and to pay a fine of $500 and the costs. If the testimony on behalf of the State is true, then the appellant was not only guilty of conspiring with his two accomplices to injure, cheat and defraud the owner of the cattle by means of taking, stealing and carrying away the same, but was guilty of the greater offense of being an accessory before the fact to the crime of grand larceny or receiving stolen property knowing that the same had been stolen in that the testimony for the State disclosed that he went to the home of Corley, who was employed as a day laborer by the owner of the stock farm, and arranged with him and Padgett to haul the cattle to the home of the appellant, after the latter had actually selected the ones that he wanted delivered to him.

The defense interposed by the defendant at the trial was that he bought the cattle from the said Corley and paid him for the same without knowing that they did not belong to the alleged vendor.

It appears from the testimony for the State, and the admission of the defendant when testifying as a witness in his own behalf, that the said Corley had borrowed sums of money from time to time from the defendant, and in some instances had given a bill of sale on some of Granberry's cattle to secure the loan, that the defendant knew that Corley was a day laborer at the stock farm, and the jury was warranted in believing from the evidence beyond every reasonable doubt that the defendant had every reason to believe that these cattle that he was receiving from Corley in satisfaction of the

loans for money advanced to him did not belong to the said borrower but that they belonged to the owner of the stock farm where Corley was employed.

It was shown by the State, and admitted by the defendant, that the three head of cattle in question were in addition to seven others that he had received from Corley and Padgett prior thereto. He only paid $100 to Corley and Padgett for the three head of cattle in question, although the proof disclosed that they were worth approximately $375, as charged in the indictment.

It is assigned for error the admission of the testimony in regard to the seven head of cattle previously delivered to the defendant, the ground being that it was prejudicial to him to admit proof of the alleged commission of former crimes. However, it was held in Keel v. State, 133 Miss. 160, 97 So. 521, that the one exception to the rule that the State's case cannot be aided by the proof of another crime than the one for which the defendant is being tried is that evidence of another crime is admissible when the commission of the former crime is so intimately connected with the commission of the latter as to have a direct bearing on whether or not the defendant knew that he was acquiring property that did not belong to his supposed vendor. In the instant case it was a very relevant fact that the defendant had previously acquired a total of seven head of white-faced cattle from this day laborer whose wife testified that she had informed him in the outset that her husband, Corley, did not own any cows other than the Jersey cow there at the home. The receipt of the cattle on two or three former occasions formed a chain of facts so intimately interwoven with the last offense that they could not be separated in showing the guilty knowledge of the defendant, and the same was therefore competent under the case hereinbefore cited, and also under the cases of Barry v. State, 187 Miss. 221, 192 So. 841; Massey v. State, Miss., 19 So. (2d) 476, and May v. State, 205 Miss. 295, 38 So. (2d) 726.

██ There were errors committed in the admission of hearsay evidence over the objection of defendant, but he later took the stand as a witness in his own behalf and virtually admitted the truth of the statements which the special investigator of the State Livestock Board had disclosed as having been made to him by the two accomplices, and we are therefore of the opinion that the admission of the hearsay testimony under these circumstances does not justify a reversal of the case.

Neither do we find that there was any error committed by the trial court in overruling the demurrer to the indictment. That is to say we do not think that the indictment charges two offenses in the same count but merely charges how the conspiracy to cheat and defraud Granberry was accomplished.

The judgment and sentence appealed from must therefore be affirmed.

Affirmed.

**Hall, Lee, Arrington** and **Ethridge, JJ.,** concur.