STEELE *v*. STATE.

Mar. 24, 1952.

No. 38207 (57 So. (2d) 574)

Earle L. Wingo, for appellant.

Geo. L. Ethridge, Assistant Attorney General, for appellee.

**Lee, J.**

This might be said to be a companion case of Steele v. State, 57 So. (2d) 572. In that case, Steele was convicted in Covington County on a charge of conspiring with others to injure, cheat and defraud the owner by means of taking, stealing and carrying away three head of cattle. In this case, he was convicted of having and receiving such cattle, and knowing the same to have been theretofore feloniously taken, stolen and carried away.

The Court observed in the opinion in that case that the testimony of the State, if true, warranted a charge either of grand larceny or receiving stolen property, knowing the same to have been stolen.

The evidence for the State in this case with reference to the theft of the cattle, as to Steele's knowledge thereof, and as to his reception and possession of the same is of like effect to that adduced in the trial of the conspiracy charge. In addition, it was shown that the officers in Forrest County obtained a search warrant and found the three head of cattle in Steele's pasture. Prior to that time, Steele had denied that he had the cattle in his possession. Besides Steele was in great haste to get back the check in the sum of $100 which he had given to Corley. As soon as he was successful, he immediately destroyed the check. He also went to the county attorney of Forrest County and asked that he be permitted to plead guilty and get the matter over at once. When the attorney asked why he was willing for the officers to go upon his premises in search of the cattle, Steele replied that he did not think they would be able to make an identification.

The evidence for the State, if believed, established appellant's guilt beyond reasonable doubt.

It is assigned and argued here that it was error to overrule his demurrer wherein it was claimed that the indictment did not charge a felonious reception of the property.

The statutes in reference to both grand and petit larceny, Sections 2240 and 2242, Code 1942, require a felonious taking. See also Poe v. State, 159 Miss. 76, 132 So. 92; and Dedeaux v. State, 125 Miss. 326, 87 So. 664. But Section 2249, Code of 1942, in reference to receiving stolen goods, does not require that a person feloniously buy or receive. In Renfrow v. State, 154 Miss. 523, 122 So. 750, it was held unnecessary to allege a specific intent in the indictment. And in Claxton v. State, 185 Miss. 426, 187 So. 877, 878, it was said: "If a person receives stolen property, knowing it to be such, in the manner denounced by the statute, he is guilty of a felony * * *". The demurrer was therefore properly overruled.

It is next assigned and argued that the motion to quash should have been sustained because the same cattle were involved in both prosecutions.

However, the two charges were different. A conviction of conspiracy would not bar a prosecution for receiving stolen property. It is true also that "one who steals property cannot be convicted of receiving * * * the property stolen." Thomas v. State, 205 Miss. 653, 39 So. (2d) 272, 273. The State's proof established the charge of receiving stolen property. Appellant's guilt of the theft is at least debatable.

It is next assigned and argued that the appellant was entitled to a mistrial because of prejudicial remarks by the district attorney.

At the outset of the trial, the district attorney, in the presence of the jury, informed the court that Mr. Joe Alex McFarland, district attorney in Covington County, "where these cows were stolen from, and who handled the case involving the theft" had consented to be associated in the prosecution there. There was an objection and motion by appellant for a mistrial because "we think (the statement) is highly prejudicial to defendant * * * and also take exception to Mr. Joe Alex McFarland being here because we never heard of a case

of one defendant being prosecuted by two district attorneys * * *''.

█ █ It was not specifically pointed out wherein the statement was prejudicial. The theft occurred in Covington County and the reception of the stolen property occurred in Forrest County. There were different district attorneys in the two counties. We know of no prohibition in the law against the appearance of two district attorneys in this kind of case, and there was no error on that account.

The statement of the district attorney was that Mr. Joe Alex McFarland ''handled the case involving the theft of the cattle''. The case in Covington against the appellant did not charge theft, but conspiracy. Actually there was no necessity for conveying this information to the court in the presence of the jury. █ █ The impropriety, however, must be viewed in the light of the overall picture to determine whether, if error, it was prejudicial. The facts in connection with the theft, the conspiracy and the reception of the cattle were so intimately interwoven that it was impossible, in the trial of the case, to limit the appellant's activities only to the reception of the property. His participation in the conspiracy was competent evidence of his knowledge that the cattle had been stolen at the time he received them. Barry v. State, 187 Miss. 221, 192 So. 841; Massey v. State, Miss., 19 So. (2d) 476; May v. State, 205 Miss. 295, 38 So. (2d) 726. And, of course, such evidence was adduced in the trial. Consequently, in the last analysis, while the district attorney improperly and prematurely brought that case to the attention of the court, actually, thereafter, there was a full disclosure of all the facts. Under such circumstances, the statement of the district attorney did not constitute reversible error.

Affirmed.

**McGehee, C. J.**, and **Hall, Arrington** and **Ethridge, JJ.**, concur.