Smith *v.* City of Louisville.

Oct. 20, 1952

No. 38482          4 Adv. S. 24          60 So. 2d 601

*Boydstun & Boydstun,* for appellant.

Cited and discussed the following:

*Strong & Smith,* for appellee.

LEE, J.

In the mayor's court, Luther Smith was convicted of, and sentenced for, unlawfully operating a motor vehicle on the streets of the City of Louisville while under the influence of intoxicating liquor, contrary to the ordinances of the said city. On appeal to the circuit court, there was a jury and verdict of guilty as charged. He appeals from the judgment entered thereon.

A police officer testified that he saw Smith in the middle of Main Street, staggering around as he was getting into his pickup truck, but he drove away before an arrest could be made. In a few minutes, the officer went a short distance to the place where Smith had run his truck into an automobile. He observed Smith, saw that he was drunk, arrested him, and on the way to jail,

Smith said that he had taken one drink too many. Four other witnesses, including two women in the automobile which had been wrecked, also testified that he was drunk.

The defendant, his wife, and another witness testified that he was not drunk before and at the time when he drove away from Main Street. Of the three witnesses who saw him at the scene of the wreck, two were positive that he was not drunk, while the third was not close enough to smell his breath, and could not say whether or not he was drunk, as he is crippled and staggers most of the time. Though admitting on cross-examination that he had previously been convicted of drunkenness on three different occasions, Smith testified that he had not taken a drink since before Christmas.

Obviously this sharply disputed issue was for the jury. (Hn 1) Some arm of the court must decide, from the conflicting evidence, what the truth is in such cases. Under our jurisprudence, this function is for the jury. Sandifer v. State, 48 So. 2d 597.

Consequently, the court did not err either in overruling the motion for a peremptory instruction in the first instance, or in refusing to grant a new trial on the ground that the verdict was against the great weight of the evidence.

(Hn 2) The evidence of the police officer as to what he saw on Main Street was admissible under the rule recognized in such cases as Bennett v. Hardwell, 59 So. 2d 82, and Sims v. State, 149 Miss. 171, 115 So. 217. Compare also Massey v. State, 19 So. 2d 476, and Bangren v. State, 198 Miss. 359, 22 So. 2d 360.

(Hn 3) The appellant also contends that it was error for the trial judge to announce that it was incompetent for appellant to have the mayor testify as to what he had asked Chief Tabor and as to other incidents in the mayor's court. Such inquiry was not sought for the purpose of impeachment. The witness had not even testified in the circuit court. This line of evidence was so obviously

inadmissible that it was the duty of the trial judge, of his own motion, to exclude it. Butler v. State, 146 Miss. 505, 112 So. 685; Collins v. State, 100 Miss. 435, 56 So. 527.

It is also contended that the trial court was in error in adjudging, in its order of sentence, that the appellant pay a jury and a court reporter's tax.

. **(Hn 4)** Under Section 2540, Code of 1942, it was the duty of the court in this case to "order the convict to stand committed until the fine, costs, and jail fees be paid."

Section 1426, Code of 1942, provides in part as follows: "A jury-tax of three dollars is imposed on each original suit in the circuit court in which a plea is filed, and on every issue therein tried separately by a jury, and a tax of two dollars on each case transferred or appealed thereto, to constitute a fund for the payment of jurors, and to be collected by the clerk or sheriff as costs. . . ."

Section 1634, Code of 1942, is as follows: "In each suit, cause or matter where (1) a plea or answer is filed, and (2) in probate or any other cause or matter wherein the court reporter actually serves, a court reporter's tax fee of three dollars shall be collected as costs, and paid into the treasury of the county in which the case is tried, as the jury tax is collected by law and paid in the circuit court."

In the case of Gulf & S. I. R. Co. v. Mitchell, 112 Miss. 560, 73 So. 577, in construing Section 1426, supra, this Court said: "This section of the Code . . . says it (jury tax) is to be collected as costs, . . . This, in effect, makes it an item or part of the costs, just as the fees of the clerk, sheriff, and witnesses constitute a part of the costs. . . ."

The City of Louisville and the appellant were parties in this case. It was appealed to the circuit court, and

falls squarely within the provisions of the above quoted statutes.

Affirmed.

*McGehee, C. J.,* and *Hall, Arrington,* and *Ethridge, JJ.,* concur.