SEID *v.* STATE

No. 39953          February 27, 1956          85 So. 2d 585

*Kellner & Kellner,* Greenville, for appellant.

*J. R. Griffin,* Asst. Atty. Gen., Jackson, for appellee.

LEE, J.

From a conviction of the offense of receiving stolen property, with a sentence of three years in the state penitentiary, Herman Seid appealed.

Two sets of dies of the value of more than $25.00, the property of Southern Trade Schools, Inc., were shown to have been stolen.

James E. Roberts and George Williams, each of the age of 20 years, at first denied their participation in the

theft, but later pled guilty to an indictment, which charged the offense, and were, respectively, sentenced to one year in the penitentiary, and to 90 days in the county jail suspended. The State offered them as witnesses in the trial of the charge against Seid for receiving the dies.

The testimony of these two witnesses, in effect, was that they, in company with another, went to the building of the Trade School in the day time and took the dies; that they carried the property to Seid, explained that they had stolen it from the Trade School, and inquired if he would sell it; that Seid replied that he could sell it for about $15.00; and that later he gave them $6.00 or $7.00.

D. B. Ford testified that Seid called him one day to say that a party had left some tools with him for sale and application of the proceeds on his grocery bill, and inquired if the witness was interested in purchasing them. Later the witness and his cousin examined the dies at Seid's garage, and Seid accepted the cousin's offer of $15.00.

It was developed that, following the arrest of Roberts and Williams and some statements by them to the officers, a search of Seid's premises was made, but it proved to be fruitless. At the time, Capt. Burnley, of the Greenville Police Department, informed Seid that one of the accused boys said that he sold some pipe dies to Seid. Answering this statement, Seid denied that he had seen or purchased any dies, and disclaimed any knowledge of them.

Seid, who had been convicted of a similar crime many years before, but who, at the time of the trial, was shown by three witnesses to have a good reputation as a law abiding citizen in the community, testified that Roberts traded at his grocery store and was in arrears in his account; that, when he asked Roberts to pay the bill, he brought the dies with instructions to sell and

credit the proceeds on his account; and that he did so, selling the same to Ford's cousin. He further testified that there was no mention that the property had been stolen, and he had no reason to suspect that it had been feloniously taken. On the contrary, the dies had been leaned against the garage, within 10 or 15 feet of the city sidewalk, within plain view of every passerby. He admitted that the officer asked about the dies at the time of the search, and in explanation of his answer to them, he testified that he did not know what they were talking about.

Over the defendant's objection, both Roberts and Williams were permitted to testify that, on two or more previous occasions, a month or more before their larceny of the dies, they broke into several different places, stole liquor, cigarettes, chewing gum, etc., and, at different times, sold the articles to Seid, who knew that the property had been stolen.

██ █ Inasmuch as the weight and worth of the evidence and the credibility of the witnesses must be left to the jury, ██ █ it was not error for the court to refuse the appellant's requested peremptory instruction to find him not guilty.

██ █ But the appellant also contends that the trial court committed reversible error in admitting evidence that he had received stolen property on other previous occasions.

The case of King v. State, 66 Miss. 502, 6 So. 188, recognized the elemental rule that, on the trial of a criminal case, the testimony must be confined to the issue; and when the trial is for one offense, the prosecution cannot aid its proof by showing that the accused committed other offenses. Certain exceptions to the general rule were stated, to wit: "Where the offense charged and that offered to be proved, are so connected as to constitute but one transaction, or where it is necessary to identify the offender, or where it is material to prove

motive, and there is apparent relation or connection between the act proposed to be proved and that charged, or where the accusation involves a series of criminal acts which must be proved to make out the offense, or where it is necessary to prove scienter or guilty knowledge, and the like * * *.''

In Raines v. State, 81 Miss. 489, 33 So. 19, the conviction of the appellant for the murder of his wife was reversed, among other reasons, for the erroneous admission of evidence as to previous profanity toward and simple assaults on his wife, and threats, while he was drinking, to obtain a divorce from her. In the third syllabus, it was stated that a previous crime committed by the defendant can be proved only ''(a) where it is connected with the one charged in the indictment, and sheds light upon the motive of defendant; or, (b) where it forms a part of a chain of facts so intimately connected that the whole must be heard in order to interpret its several parts; or, (c) in cases of conspiracy, uttering forged instruments or counterfeit coin and receiving stolen goods, for the sole purpose of showing a criminal intention.'' The foregoing rule was approved in Collier v. State, 106 Miss. 613, 64 So. 373, and the conviction of rape was reversed because of the erroneous admission of evidence of other subsequent rapes.

In Keel v. State, 133 Miss. 160, 97 So. 521, the evidence, which was admitted concerning other crimes, formed a part of the res gestae, and was held admissible as such.

In Clark v. State, 181 Miss. 455, 180 So. 622, the admission of evidence as to other offenses was held proper ''when it has a direct bearing on the question at issue, or where there is an apparent relation or connection between the act proposed to be proved and that charged''.

In Bangreen v. State, 198 Miss. 359, 22 So. 2d 360, it was held that: ''Where the testimony discloses events or even other crimes which are connected with the one charged and sheds light upon the motive of the defend-

ant, or where it forms part of a chain of facts so intimately connected that the whole must be heard in order to interpret its several parts, it is admissible.''

The case of May v. State, 205 Miss. 299, 38 So. 2d 726, applied the rule that ''evidence of other crimes is incompetent except to show identity, guilty knowledge, intent or motive, or where the offense charged is so interwoven with other offenses that they cannot be separated.''

In Steele v. State, 213 Miss. 739, 57 So. 2d 574, where the offense was receiving stolen property, and evidence of other offenses was introduced, this Court said: ''The facts in connection with the theft, the conspiracy and the reception of the cattle were so intimately interwoven that it was impossible, in the trial of the case, to limit the appellant's activities only to the reception of the property. His participation in the conspiracy was competent evidence of his knowledge that the cattle had been stolen at the time he received them.'' See also Steele v. State, 213 Miss. 736, 57 So. 2d 572. In this connection compare also Hawkins v. State, 80 So. 2d 1, and authorities there cited.

There was no connection whatever between the previous purchases of liquor, cigarettes, etc., and the purchase of the dies. They were not interwoven. It was easy to separate them. In point of time, a month or more had elapsed. It was not necessary to receive such evidence in order to show scienter, or guilty knowledge. Both of the state witnesses testified that Seid knew that the dies had been stolen. This evidence did not come within the exceptions to the general rule against its introduction. It was inadmissible. Besides it was highly prejudicial. Because of this error, the cause must be reversed and remanded.

Reversed and remanded.

*McGehee,* C.J., and *Holmes, Arrington* and *Ethridge,* JJ., concur.