## CLANTON *v.* STATE

No. 42065          February 5, 1962          137 So. 2d 180

*Noel W. Buckley,* Jackson, for appellant.

G. *Garland Lyell, Jr.*, Asst. Atty. Gen., Jackson, for appellee.

LEE, P. J.

Tarel T. Clanton was convicted of burglary in the Circuit Court of Holmes County; and, from the judgment, sentencing him to a term of five years in the state penitentiary, he appealed.

On the night of January 20, 1961, Presley Chevrolet Company in the Town of Pickens was burglarized. The

next morning it was evident, after the investigation, that entrance had been made by prying open the front door. The safe had been cracked and opened. There were handles on both doors of the safe, and one of them had been broken off and was found on the floor. It was observed that the tool, which was used in prying off the handle, had left a mark on it.

Dewitt Simmons, Sheriff of Scott County, testified that, on the night of January 21, 1961, the Mercury place in the City of Forest was burglarized. A reputable citizen reported to him that he had seen a white 1957 2-door Plymouth car pull into the Mercury place that night, and later had seen it back out. The sheriff was trying to solve the burglary, and, on the night of January 23, he and the night marshal of the city were out on patrol. They were looking for a car of the description which they had obtained, and spotted one, which answered that description, parked in front of a cafe on the outskirts of Forest. They parked their car behind it and went into the cafe. They saw two strange men on the inside. After drinking a cup of coffee, they walked back to their car. In a few minutes, Clanton came out, looked in their direction, and started walking toward the motel. They intercepted him, asked for his identification, and inquired whose car that was in front of the cafe. Clanton hesitated, but finally showed them his drivers license which was in the name of Tarel T. Clanton. They asked if the car was his, and he said ''No''. They also asked him where he was from, and he said ''Vicksburg''. They then asked him how he got to Forest. Finally he said, ''I might as well tell you — that is my car, the white Plymouth.'' Believing him to be guilty of the burglary of the Mercury place, they arrested him and immediately searched the car. In it they found quite a number of tools, including a large Stillson wrench, all kinds of glass and metal cutters, pliers, and wrenches, together with both acetylene and oxygen tanks. The

sheriff detailed what they found in the search. He had also made a picture of the articles, and this was introduced in evidence.

The safe handle from the Presley Chevrolet Company's burglary and the Stillson wrench from the Clanton car were sent to the Louisiana State Police Crime Laboratory at Baton Rouge, Louisiana. An expert from that laboratory testified that the mark on the safe handle was made by the Stillson wrench which was taken from the Clanton car.

The appellant contends that his arrest and the search of his automobile by the Sheriff of Scott County was without probable cause and unlawful, and that it and the photograph should have been excluded.

■■ The Court is of the opinion that, under Watson v. State, 166 Miss. 194, 146 So. 122, and Millette v. State, 167 Miss. 172, 148 So. 788, Sheriff Simmons had reasonable cause to believe that Clanton at the time he arrested him and searched his car, was the felon who had burglarized the Mercury place in the City of Forest. The arrest and search were therefore lawful, and the tools, including the incriminating Stillson wrench, were properly obtained. The sheriff detailed what he found — the picture merely showed what he had detailed.

■■ In Floyd v. State, 166 Miss. 15, 148 So. 226, in noting exceptions to the rule that, on the trial of a person for one offense, the prosecution cannot aid the proof against him by showing that he committed other offenses, the Court said: ''There are exceptions to the rule which has been stated, such as where the offense charged and that offered to be proved are so connected as to constitute but one transaction, or *where it is necessary to identify the offender,* or where it is material to prove motive, and there is apparent relation or connection between the act proposed to be proved and that charged, or where the accusation involves a series of criminal acts which must be proved to make out the offense, *or*

*where it is necessary to prove scienter or guilty knowledge and the like * * *."* Emphasis supplied.

As further citations on this principle, attention is directed to Steele v. State, 213 Miss. 736, 57 So. 2d 572; Steele v. State, 213 Miss. 739, 57 So. 2d 574; and Seid v. State, 226 Miss. 886, 85 So. 2d 585, where many decisions of this Court, with reference to the principle here involved, are listed.

The other alleged errors are without merit.

The cause must therefore be affirmed.

Affirmed.

*Kyle, Gillespie, McElroy* and *Jones, JJ.,* concur.