David G. HARRIS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 23400.

United States Court of Appeals,
District of Columbia Circuit.

Argued Dec. 14, 1970.

Decided Jan. 11, 1971.

Mr. Thomas P. Smith, Hyattsville, Md., with whom Messrs. Karl G. Feissner, William L. Kaplan, Fred R. Joseph and Andrew E. Greenwald, Hyattsville, Md., were on the brief, for appellant.

Mr. Julius A. Johnson, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee. Mr. James R. Phelps, Asst. U. S. Atty., at the time the record was filed, also entered an appearance for appellee.

Before LEVENTHAL and WILKEY, Circuit Judges, and SMITH,* Chief Judge, U. S. District Court for the District of Montana.

PER CURIAM:

On April 1, 1970, this Court entered an order granting a petition for allowance of appeal from the judgment of the District of Columbia Court of Appeals, 255 A.2d 489, limited to the following issue: "Was the alternative sentence of 30 days in jail and a fine of $500 or 90 days in jail a valid sentence?"

The brief filed by appellant presents argument in support of the proposition that the trial court erred in imposing this sentence upon an indigent defendant.

Insofar as the court contemplated argument on the validity of the sentence regardless of the condition of the defendant, this is an issue that was neither argued by counsel nor presented to the D.C. Court of Appeals. We accordingly do not consider that question in this case.

Appellant argues to this court that there is a denial of equal justice in assessing the sentence given against an indigent defendant unless the judge takes appropriate action to avoid the equal protection problems, *e. g.*, permitting the

* Sitting by designation pursuant to 28 U.S.C. § 292(c) (1964).

fine to be collected through an installment plan, or suspending execution of the sentence for a fine on condition, *e. g.*, that defendant do specified daytime work to satisfy the fine. Appellant requests remand for that purpose. But this constitutional argument assumes that the trial judge was aware that the defendant was indigent, and the record does not support that assumption. A judge of the Court of General Sessions did appoint an attorney for the defendant at a preliminary stage, but that was not an appointment under the Criminal Justice Act, and it did not require a finding or adjudication of indigency. When the case came on for trial, the defendant advised the court that he would try the case *pro se*, and that he had decided upon this course in the light of the experience he had gained as an employee for a court stenographer. This fact of employment, together with the evidence identifying defendant as the owner of two rooming houses, were if anything indications pointing away from a condition of indigency. If the defendant wished the trial judge to take into account an indigent or inadequate financial condition he should have filed a motion to vacate or modify the judgment of fine or imprisonment in lieu of paying the fine. This was the procedure that presented the issue decided in Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970). In that case, the defendant filed a post-sentence petition which alleged indigency and requested the judge to vacate the portion of the order confining him to jail because of nonpayment of the fine. In the absence of such procedure there is no basis on this record for concluding that the trial judge was alerted to the consideration that appellant argues to this court renders his sentence invalid.

In the particular posture of this case we think the interest of justice is served by entering a judgment of affirmance without prejudice to the filing of a post-sentence motion if appellant is advised that such motion is appropriate for the preservation of his rights.[1]

So ordered.

---

1. The situation has been further complicated by the advice from appellant's counsel to this court, subsequent to the allowance of the appeal, that by virtue of post-sentence employment appellant has acquired funds sufficient to permit him to pay the $500 fine.