462 So.2d 902 (1984)
Robert PAYNE
v.
STATE of Mississippi.
No. 54904.
Supreme Court of Mississippi.
November 7, 1984.
*903 John T. Cotter, Pascagoula, for appellant.
Bill Allain, Atty. Gen. by Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and HAWKINS and PRATHER, JJ.
PRATHER, Justice, for the Court:
The constitutionality of sentence is challenged by this appeal from the Jackson County Circuit Court. Robert Payne was convicted of possession of a controlled substance, marijuana, with intent to distribute, and sentenced to seven years in the Mississippi Department of Corrections of which two years would be suspended upon payment of a $3,000.00 fine.
Payne assigns as error:
(1) the trial court's refusal to grant a mistrial for a reference during his trial to another publicized crime in the community, and
(2) the unconstitutionality of his sentence under Mississippi Constitution, Article 3, Section 30.

I.
Should a mistrial have been declared for a witness's reference during testimony to another publicized crime within the community?
The question arose during the cross-examination by defense counsel of the narcotics officer of the Jackson County Sheriff's office. The officer testified that he entered the defendant's apartment by permission of the cotenant, Glenda Wiggins. After she advised him the defendant was asleep in the bedroom, the officers awakened the defendant who was not fully clothed. The defendant's pants were picked up by the officer, and the pockets were searched to determine if the pants contained a weapon. The following colloquy between defense counsel and narcotics officer ensued:
Q. Could he have lunged for his pants and pulled a gun out of them?
A. Yes sir, that's possible that he could have.
Q. How many police were standing next to him when you went through his pants?
A. What if I hadn't gone through his pants, handed them back to him and he had had a weapon in there? You don't *904 need another thing like Glen Rivers happening here.
BY MR. COTTER: Your Honor, I have to move for a mistrial on that. That's totally irrelevant and has no bearing whatsoever on this case and if that's not grounds for  I have to move for a mistrial.
BY MR. GUIROLA: Your Honor, the question was larged (sic) argumentative and he got the answer that ... He just got his hook caught.
BY MR. COTTER: Your Honor ...
BY THE COURT: Just a minute. There has been mention of some incident. There hasn't been any details about what that incident is. At this time I'm going to tell the jury to disregard the last statement by the witness, it has nothing to do with this particular case. You will totally disregard it from this point on and certainly during any deliberations by the jury.
BY MR. COTTER: Your Honor, once again though, for the record, I want to move for a mistrial.
BY THE COURT: Motion for a mistrial will be overruled. Proceed.
The remark to which an objection was made is solely the words "Glen Rivers."
The trial judge stopped the proceedings, and he specifically instructed the jury to disregard the statement. Nothing more about Glen Rivers was mentioned during the trial.
However, the defendant in his brief explains that Glen Rivers refers to the name of a police officer who was shot by a black male accused of selling marijuana, an incident which received an abundance of press publicity.
This Court has held that a criminal trial shall be single and of one offense, and the prosecution cannot aid the proof by showing that the defendant committed other crimes. Harrington v. State, 336 So.2d 721 (Miss. 1976). The rule does have exceptions. See Younger v. State, 301 So.2d 300 (Miss. 1974); Hosey v. State, 300 So.2d 453 (Miss. 1974); Clanton v. State, 242 Miss. 734, 137 So.2d 180 (1962).
However, it is not clear from this record whether or not this defendant was involved in the "Glen Rivers" incident. We don't have to resolve this question, however, because of the trial judge's remedial remarks to the jury.
There is an abundance of case law stating that it is presumed that jurors follow the instructions of the court. Whitlock v. State, 419 So.2d 200 (Miss. 1982); Evans v. State, 422 So.2d 737 (Miss. 1982); Edwards v. State, 413 So.2d 1007 (Miss. 1982); Holifield v. State, 275 So.2d 851 (Miss. 1973). We therefore conclude that the admonitions of the trial judge were adequate to remove any prejudicial effects from the jury's minds. Carrol v. State, 391 So.2d 1000 (Miss. 1980).
There was no reversible error in the trial judge's handling of this procedural matter to insure Payne's receiving a fair and impartial trial.

II A.
Was the sentence imposed constitutionally invalid under the Mississippi Constitution, Article 3, Section 30 which states that "(t)here shall be no imprisonment for debt."
The crime for which the defendant was indicted, tried and convicted, possession of a controlled substance with intent to distribute, carries a maximum sentence of imprisonment for not more than twenty (20) years, or fine not more than thirty thousand ($30,000) or both. Mississippi Code Annotated section 41-29-139(b)(2) (1972) (Supp. 1984). Payne's sentence was to "serve seven (7) years in the Mississippi Department of Corrections of which two (2) years is suspended upon condition that fine of $3,000.00 is paid ..."
The defendant's assertion here is that an imprisonment for a fine is tantamount to imprisonment for a debt in violation of Article 3, Section 30 of the Mississippi Constitution. This position is meritless as the constitutional section does not *905 extend to a pecuniary obligation imposed by the state as a punishment for crime. The constitution is a prohibition of imprisonment for a personal obligation from one person to another, other than civil contempt of court. Ex Parte Diggs, 86 Miss. 597, 38 So. 730 (Miss. 1905).

II B.
We are compelled, nonetheless, to remand this case for resentencing due to plain error in the sentencing order. Mississippi Supreme Court Rule 6(b); Glover v. State, 419 So.2d 588 (Miss. 1982); Burnett v. State, 285 So.2d 783 (Miss. 1973). We address, for the benefit of the bench and bar, two distinct problems with the sentencing order:
(1) Whether the imposition of the additional two year imprisonment upon nonpayment of the fine constitutes an impermissible discrimination against indigents in violation of the equal protection clause of the Fourteenth Amendment of the United States Constitution, and
(2) Whether the partial suspension of the sentence after five (5) years of imprisonment violates the directive of Mississippi Code Annotated section 47-7-33 (1972).
The sentencing order provides that the defendant shall "serve seven (7) years in the Mississippi Department of Corrections of which two (2) years is suspended upon condition that a fine of $3,000.00 is paid... ." We have previously held that a court may not first fine a defendant and then, because of his indigency, convert the fine into a jail sentence for failure of the defendant to make immediate payment of the fine. Nelson v. Tullos, 323 So.2d 539 (Miss. 1975). The discrimination based upon indigency which we condemned in Nelson is present as well in a sentence which expressly conditions the length of imprisonment upon the ability to make immediate payment of a fine. Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); Frazier v. Jordan, 457 F.2d 726 (5th Cir.1972). In furtherance of this same principle, our statutory authority in Mississippi Code Annotated section 99-19-20(2) expressly provides that a defendant "shall not be imprisoned if the defendant is financially unable to pay a fine and so states to the court in writing, under oath, after sentence is pronounced, and the court so finds... ." Therefore, attention is called to an equal protection challenge in sentencing.
The record, however, does not reflect that Payne is in fact indigent; nor does it reflect that the sentencing court was aware of any alleged indigency. We, therefore, conclude that the equal protection question is premature. Harris v. United States, 440 F.2d 240 (D.C. Cir.1971). If an indigency situation is involved, Mississippi Code Annotated section 99-19-20(2) (Supp. 1983) sets forth procedure to request installment payments where warranted.

II C.
Additionally, this imposed sentence attempts to permit suspension of two years of the term upon payment of a fine of $3,000.00. The pertinent statute which lists the alternatives available to a court when a fine is imposed provides:
When any court sentences a defendant to pay a fine, the court may order (a) that the fine be paid immediately, or (b) that the fine be paid in installments to the clerk of said court or to the judge, if there be no clerk, or (c) that payment of the fine be a condition of probation, or (d) that the defendant be required to work on public property for public benefit under the direction of the sheriff for a specific number of hours, or (e) any combination of the above.
Mississippi Code Annotated section 99-19-20(1) (Supp. 1983). Under this authority a court may impose a fine to be paid immediately or in installments, but no alternative is given to condition a lesser term on payment of a fine.
Another statute is also applicable here which provides that any circuit or county court, after conviction or a plea of guilty, (except in certain stated cases) shall have the power "to suspend the imposition or execution of sentence, and place the *906 defendant on probation ..., except that the court shall not suspend the execution of sentence of imprisonment after the defendant shall have begun to serve such sentence. Mississippi Code Annotated section 47-7-33 (1972). (Emphasis added). A circuit court has no authority nor jurisdiction to suspend the execution of a sentence of confinement after it has been affirmed by this Court. See Denton v. Maples, 394 So.2d 895 (Miss. 1981).
Implicit in a reading of both of these statutory sections is the obvious interpretation that a sentence must be made definite at the time of imposition. This sentence is not definite. It seeks to allow a court to suspend sentence at any time prior to completion of the term, in violation of Mississippi Code Annotated section 47-7-33 (1972). A court must elect at the time of imposition of sentence to simultaneously suspend imposition or execution of the sentence. But a trial court is without authority to suspend a term of two years after the defendant has begun serving the sentence (Mississippi Code Annotated section 47-7-33 (1972)) or after affirmance by this Court. Denton, supra.
We, therefore, reverse this case for reason of an indefinite sentence and remand to the trial court for resentencing. Upon imposition of a definite sentence, the conviction is affirmed.
REMANDED FOR RESENTENCING NOT INCONSISTENT WITH THIS OPINION.
PATTERSON, C.J., and BOWLING, HAWKINS, DAN M. LEE, ROBERTSON and SULLIVAN, JJ., concur.
WALKER and ROY NOBLE LEE, P.JJ., dissent.