800 So.2d 1190 (2001)
Vinod SHARMA a/k/a Sharma Vinod, Appellant
v.
STATE of Mississippi, Appellee.
No. 2000-KA-00446-COA.
Court of Appeals of Mississippi.
July 17, 2001.
Rehearing Denied September 11, 2001.
Certiorari Denied December 6, 2001.
*1191 Jack R. Jones III, Southaven, for Appellant.
Office of the Attorney General by W. Glenn Watts, for Appellee.
Before SOUTHWICK, P.J., IRVING, MYERS, and CHANDLER, JJ.
IRVING, J., for the Court:
¶ 1. Vinod Sharma was indicted for two counts of sale of cocaine. Following a jury trial in the Circuit Court of Desoto County, Vinod Sharma was convicted of both counts. Feeling aggrieved, he filed this appeal and presents the following two issues: (1) the trial court erred in failing to grant a mistrial after the prosecution interjected reference to a "third" sale of cocaine, and (2) the trial judge erred in refusing to grant a lesser-included-offense instruction on the possession of cocaine. Upon review of the record, we find no reversible error; therefore, we affirm the decision of the trial court.

FACTS
¶ 2. Gary Smith and Eddie Ray, narcotic agents with the Desoto County Narcotics Unit, placed Sharma under surveillance as a part of a drug purchase operation. Buys were set up and completed on three occasions. On October 21, 1998, Sharma sold marijuana to Eddie Ray. Sharma was not indicted for this sale. The second and third sales, for which he was indicted, were for crack cocaine. These sales occurred on October 30 and November 12, 1998, at the Citgo Service Station on Highway 51 in Hernando. During the trial, Gary Smith testified and made a reference to the marijuana sale.

ANALYSIS OF THE ISSUES PRESENTED

1. The Request for a Mistrial
¶ 3. Officer Gary Smith was asked during cross-examination about the dates of the drug buys for which Sharma had been indicted. During the exchange, Gary Smith revealed that the November 12, 1998 sale was the third time that Eddie Ray had purchased drugs from Sharma prior to Sharma's arrest. The exchange which led to this testimony is as follows:
Q. Gary, you say the first event took place October 30th, is that correct? There are two dates in question? What are they?

*1192 A. I'm not sure off the top of my head without looking at the report the exact date.
Q. Are you the case agent in charge here?
A. No, sir. I was the commander over the unit at that time.
Q. And you're telling me you can't tell me what the dates are?
A. I'm drawing a blank on the exact date right at the moment, yes, sir.
Q. Does the date October 30th mean anything to you?
A. I believe that was probably the date of the first purchase.
Q. Does the date November 12th mean anything?
A. Yes, sir. That was the date of the third purchase.
¶ 4. The State argues that Sharma should not be allowed to complain of evidence he introduced through his own questioning and that the record shows no contemporaneous objection to Gary Smith's statement relating to the "third" sale. The State reasons that had Sharma's attorney not been asking open-ended questions the prejudicial statement would have never been made by Gary Smith. It is true that the record does not show a contemporaneous objection. However, the record does show that counsel for Sharma immediately asked to approach the bench and that the request was granted. The record further shows that later in the trial, during the testimony of Eddie Ray, counsel for Sharma placed in the record the subject matter of the bench conference which occurred immediately after Gary Smith made the statement. We are satisfied that Sharma has properly preserved this issue.
¶ 5. The standard of review for the denial of a motion for mistrial is abuse of discretion. Spann v. State, 771 So.2d 883, 889(¶ 9) (Miss.2000). Admonishing the jury is a sufficient action to remove prejudice emanating from a witness's unsolicited statement. Gray v. State, 549 So.2d 1316, 1320 (Miss.1989). Admonishing the jury carries the presumption that the jury will perform as instructed. Payne v. State, 462 So.2d 902, 904 (Miss. 1984).
¶ 6. The record reveals that the judge considered the prejudicial effect of the statement made by Gary Smith and admonished and instructed the jury to ignore and disregard the remarks regarding the "third" sale. In so doing, the trial judge explained to the jury that the statement was the result of a slip of the tongue and that they should not allow the statement, concerning a "third" sale, to affect their decision in any way. No juror indicated an inability to follow the judge's instruction. We conclude that the actions of the trial judge fell within his discretion, and we find no abuse of that discretion.

2. The Lesser-included-offense Instruction on Possession
¶ 7. Sharma asserts that he was entitled to a lesser-included-offense instruction for possession of cocaine. The trial judge denied Sharma's request for a lesser-included-offense instruction on possession because, in the judge's view, the evidence did not support such an instruction, and Sharma's theory of the case and defense was that he never sold or handled any drugs. He claimed that the arrest was a setup by Eddie Ray and Gary Smith to coerce him into assisting them in arresting other drug dealers.
¶ 8. In Humphrey v. State, 759 So.2d 368, 380 (Miss.2000), the Mississippi Supreme Court gave this guidance regarding jury instructions:

*1193 Jury instructions are to be read together and taken as a whole with no one instruction taken out of context. A defendant is entitled to have jury instructions given which present his theory of the case; however, this entitlement is limited in that the court may refuse an instruction which incorrectly states the law, is covered fairly elsewhere in the instruction, or is without foundation in the evidence.

(emphasis added).
¶ 9. Sharma testified that he never sold cocaine to Agent Eddie Ray. He claimed that he sold him loose cigarettes. In light of Sharma's testimony, it is impossible to discern an evidentiary foundation for an instruction on simple possession. This assignment of error lacks merit, as we conclude that the trial judge did not err in failing or refusing to grant an instruction which was devoid of an evidentiary anchor.
¶ 10. THE JUDGEMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION ON COUNT I: SALE OF COCAINE AND SENTENCE OF THREE YEARS; COUNT II: CONVICTION OF THE SALE OF COCAINE AND SENTENCE OF TEN YEARS WITH SEVEN YEARS SUSPENDED, WITH SENTENCES TO RUN CONSECUTIVELY, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND TO PAY RESTITUTION IN THE AMOUNT OF $350 IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, LEE, MYERS and CHANDLER, JJ., concur.