WELCH ET AL. *v*. STATE.

[75 South. 548, Division B.]

CRIMINAL LAW. *Conduct of trial. Argument.*

> Where on the trial of a criminal case, the court limited the time for argument and the district attorney opened the argument and the counsel for the defendant simply read his instructions, it was bad practice to allow the district attorney to again speak and exceed his time limit, but the court will not reverse the case for this alone where the proof of defendant's guilt is clear and convincing.

APPEAL from the circuit court of Copiah county.

HON. LUTHER L. TYLER, Special Judge.

Will Welch and Altha Tillman were convicted of unlawful cohabitation and appeal.

The facts are fully stated in the opinion of the court.

*M. S. McNeil.,* for appellants.

*E. N. Floyd,* Assistant Attorney-General, for the state.

COOK, P. J., delivered the opinion of the court.

Appellants were indicted and convicted for unlawful cohabitation by the circuit court of Copiah county and feeling aggrieved, they have appealed to this court. We think the judgment of the trial court should

be affirmed, but we also think that the trial judge should have denied the dictrict attorney the privilege of making two speeches to the jury. It appears that the court limited the argument to thirty minutes on each side; that the district attorney, in his opening address, consumed eight minutes in reading his instructions and argument of the case. Defendant's counsel did not make any remarks, but simply read his instructions to the jury in an "argumentative tone" and "very slowly" "without commenting thereon."

It seems that the district attorney, not satisfied with his opening address, was permitted by the court to again make a speech to the jury. In the course of his second speech, the district attorney said:

"The reason Mr. McNeil does not care to make an argument in this case is because there is no argument to be made on his side of it; the facts in the case would not justify an argument on behalf of the defense."

It appears, however, that the district attorney proceeded to make a second speech to the jury, and in doing so exceeded the time allotted to him. It was, of course, the duty of the district attorney to fairly present to the jury, in his opening argument, the case as made by the evidence, and we think that if he did, there was no necessity for further oratory, or argument. In fact, the district attorney seems to have exhausted his ammunition in his first attack. This appears from his testimony, in which he hazarded the statement that defendant's counsel had not argued the case, because there was no possible argument for him to make. This statement was not argument; merely assertion.

The practice adopted in this case cannot be approved, but a consideration of the entire record has convinced us that a sensible jury has reached the inevitable verdict in this case.

*Affirmed.*