Barber *v̇*. State.

[87 South. 485, No. 21352.]

CRIMINAL LAW. *Instruction assuming that witness testified to material fact in dispute erroneous.*

An instruction is erroneous that assumes and in effect charges the jury that a witness testified to a material fact which is in dispute when the witness had not so testified.

APPEAL from circuit court of Leflore county.

HON. D. E. BEAMS, Judge.

Lilly Belle Barber was convicted of having intoxicating liquors unlawfully in her possession, and she appeals. Reversed and remanded.

*Gardner, McBee & Gardner,* for appellant.

*H. C. Holden,* assistant attorney-general, for the state.

*W. B. Wheeler* and *F. B. Ebbert, amici curiae.*

No brief of record found.

SMITH, C. J., delivered the opinion of the court.

The appellant was convicted in the court below for having intoxicating liquors unlawfully in her possession and control. The case for the state was made by the evidence of C. L. Bonner, chief of Police of the city of Greenwood, who testified that he entered the appellant's residence and searched it for intoxicating liquors. In one room were several men who appeared to be drinking, and on the mantel was a bottle partly filled with whisky, and in one of the bedrooms he found two quarts of whisky. The appellant testified that the whisky on the mantel was brought to her residence by one of the men present when the house

was searched, and that the bedroom in which the two bottles of whisky were found had been occupied by another person continuously for some months prior to the time when the whisky was found therein, and that she, the appellant, did not know. that the whisky was there. The court instructed the jury for the state "that, if you believe from the evidence in this cause, that the deefendant knowingly had in her possession or under her control intoxicating liquors as testified to by the witness Bonner, then she is guilty as charged, and it is your sworn duty to so find." This instruction assumes and in effect charged the jury that Bonner had testified that the whisky found by him in the appellant's house was there with her knowledge and was in her possession or under her control, when he had· not in fact so testified. His testimony, as hereinbefore stated, was simply that the whisky was found in the appellant's house. Whether she knew the whiskey was there and whether it was in her possession and under her control were facts to be found by the jury from all the evidence in the case. The instruction should not have been given.

*Reversed and remanded.*