HARRIS *v.* STATE.

In Banc. Oct. 10, 1949.

No. 37220 (42 So. (2d) 183)

Smith & Jones, for appellant.

**George H. Ethridge**, Assistant Attorney General, for appellee.

**McGehee, C. J.**

The questions involved on this appeal from a conviction of the crime of grand larceny are: (1) Whether or not the evidence is sufficient to establish the crime so as to entitle such issue to be submitted to a jury; (2) whether or not the verdict is contrary to the overwhelming weight of the evidence; (3) whether or not the rights of the accused were prejudiced by certain remarks of the district attorney in his closing argument to the jury; and (4) whether or not the trial court erred in ruling on the admissibility of certain testimony.

The proof discloses that while the defendant, a maid employed to clean up rooms in a hotel, was engaged in changing the linens on the bed and particularly one of the pillowcases, the billfold or "purse" of the guest, who had occupied the room from about 2 o'clock A. M. until about 2:30 P. M., fell on the bed and was picked up by the maid and carried to her sister's home, while she was enroute to her own home, before the guest discovered that he had inadvertently left the same underneath the pillow and inside the pillowcase upon leaving the room to go to a restaurant for a meal.

When the guest of the hotel undertook to pay for his meal at the restaurant and discovered that he did not have any money with him, he immediately recalled that

he had left it in his room, and upon his return, finding that the linen had been changed, he promptly reported the incident to the hotel manager. In the meantime, the maid had left her passkey with the manager when she went off duty that afternoon and had failed to report the fact to the manager that she had the purse.

The manager testified that all the maids were instructed to report and turn over to him or to the housekeeper any money or jewelry left by a guest in a room, but the defendant stated in her testimony that she understood that it was her duty to report the incident only to the housekeeper. Instead of doing so, she said that upon finding the purse she went out into the hall and reported the fact to a bellboy, showed the same to him, and she claims that he told her that the hotel was not responsible for any money or jewelry left in the room; that she had also observed notices in the rooms to the' same effect, and that she therefore decided to take the purse home with her, but before doing so she informed the bellboy that she was going to her sister's home and if the owner called for his money to tell him where she had gone; and she further testified that it was her intention to deliver the purse to the owner if he ever called for it, and that otherwise she intended to report it to the police for instructions as to what to do with it. The bellboy was available at court as a witness during the trial but was not introduced by either state or the defendant.

The guest testified that when he and the bellboy went to see the defendant at her sister's home, and the bellboy went into the house and asked for the purse, the defendant thereupon surrendered the same to him for the guest, and it was found to contain $156.00 and a number of identification cards; that the guest was then under the impression that the purse should have contained approximately $200.00 unless the wife of the guest had removed the difference before he left home, and

which was later found to be the case. The guest further testified that at the time he recovered his property he asked the defendant why she took it away from the room "instead of turning it in at the hotel", and that she replied that "you had no business leaving it there in the first place". The defendant denied having made this statement, but the city marshal also testified that she later made a similar statement to him.

The court has reached the conclusion that under all the facts and circumstances the intention of the defendant in the premises was a question of fact for the determination of the jury; that since the defendant could have readily ascertained from the hotel manager at the time she turned in her passkey and went off duty the identity of the guest who had occupied the room and should have turned the purse over to either the manager or the housekeeper in accordance with what the manager testified were her previous instructions, she carried it away from the hotel with the intention of keeping it unless she should find it necessary to surrender it on demand, and with the expectation that the owner might not be able to recall where he had left it. In this connection the jury would have been entitled to consider her alleged attitude as evidenced by her purported statement to the owner and to the city marshal that the owner of the purse "had no business leaving it there in the first place".

It is true that the prosecution may never have been instigated except for the mistaken belief on the part of the owner that the defendant had removed approximately $40.00 or $50.00 from the purse, and which belief was still being entertained at the time of her arrest. However, the question before us is whether or not the jury was warranted from the evidence in finding that she took the purse away from the hotel, contrary to her instructions, with the intent to steal.

The case of Calhoun v. State, 191 Miss. 82, 2 So. (2d) 802, is not applicable to the facts of the instant case for reason that in that case the accused did not have the means of readily ascertaining the ownership of the property in question, and for the further reason that there was involved in the decisions therein cited the question of a lawful possession of one who has found lost property. The court is of the opinion that the purse and money involved in the instant case was not lost property. The owner had inadvertently overlooked to remove the purse from the pillowcase when he left his room to go to the restaurant for a meal, and he immediately recalled where he had left it as soon as he had need to use some of his money. ▮▮▮ The jury was entitled to conclude from the evidence that the defendant knew that the purse had been placed in the pillowcase by the guest who was occupying the room, since she was required to change the linen before and after the occupancy of a room by a new guest. We are therefore unable to say that the evidence was insufficient to go to the jury on the question of larceny or that the verdict is contrary to the overwhelming weight of the evidence. The jury was warranted in finding that the trespass, which is an essential element of the crime of larceny, was committed when the defendant concluded to take the property of the guest away from the hotel in disobedience of her instructions to report it to either the manager or the housekeeper.

As to the alleged prejudicial argument of the district attorney, we have carefully considered the various decisions previously rendered by the court on the question of the improper argument to the jury by a prosecuting attorney and have reached the conclusion that ▮▮▮ although the argument may not have been based on sound conclusions as to the law and the facts, and was therefore erroneous, it does not constitute reversible error for the reason that the jury had written instructions

from the court as to the law of the case and was presumed to have been familiar with the testimony. While an attorney should not be permitted to go beyond the instructions given by the court in his argument on the law, and should not argue that the testimony is other than what was actually stated by the witnesses, he is not bound to reach correct or sound conclusions as to the effect of the testimony or as to the law, where the argument of the facts is based on the testimony and where the argument as to the law on the case does not go contrary to the instructions given by the court. In the instant case we do not think that some of the deductions in the argument for the state made from the facts and as to the law were logical and sound as to the particular instant when the alleged crime may have become complete, but we are of the opinion that the jury understood the case, and considered the correct factors in determining the guilt or innocence of the accused. Roney v. State, 153 Miss. 290, 120 So. 445; Gray v. State, 90 Miss. 235, 43 So. 289; Nelms & Blum Co. v. Fink, 159 Miss. 372, 131 So. 817.

Nor do we think that the fourth ground of error is well taken, since the trial court changed his ruling and permitted the defendant to show that she reported to the bellboy the incident or the fact that she had the purse before she left the hotel. The judgment and sentence appealed from must therefore be affirmed.

Affirmed.