HEMPHILL *v.* STATE.

No. 39430          December 20, 1954          76 So. 2d 512

*J. W. Kellum,* Sumner, for appellant.

518

*Wm. E. Cresswell,* Asst. Atty. Gen., Jackson, for appellee.

LEE, J.

This is an appeal by Billie Hemphill from a conviction of grand larceny, with a sentence to a term of years in the state penitentiary.

The State's evidence warranted the jury in believing, beyond a reasonable doubt, that Hemphill and his co-indictee, L. D. Nolden, feloniously took, stole and carried away approximately 139 bushels of soybeans, of the value of at least $2.65 a bushel, of the property of Myer Turner. Included in this proof was the testimony of Nolden, who had pled guilty, and who testified in detail as to the circumstances in connection with the larceny. In addition, three voluntary confessions of the defendant, two of which were oral and the other in writing, were introduced in evidence.

The corpus delicti, namely, that the property was lost by the owner as a result of a felonious taking, was fully established prior to the introduction of the

confessions. Simmons, et al. v. State, 208 Miss. 523, 44 So. 2d 857; 52 C. J. S., Larceny, Section 129, page 964.

■■■ The defendant was properly chargeable with larceny. While Nolden, an employee of Turner, had a key to the commissary where the beans were stored, he did not in fact have possession of the beans. He had no right to dispose of them, and had not been directed to do so. He was in fact a mere caretaker. Hence his taking and conversion constituted larceny. The same would be true as to his accomplice. 32 Am. Jur. Larceny, Section 56 pages 958-9, and Section 59 pages 964-5; Harris v. State, 207 Miss. 241, 42 So. 2d 183; Jackson v. State, 211 Miss. 828, 52 So. 2d 914.

On the stand, Hemphill testified that Nolden delivered the first 24 bushels for a consideration of $35.00 in order to pay for the repairs on his car. While admitting that, on three subsequent occasions, he assisted in taking about 40, 40, and 35 bushels of beans, respectively, from Turner's commissary, he further stated that his sole purpose, in so doing, was to haul them to a mill, and that the money, which he received, was paid to him by Nolden for that purpose. The effect of his version was that he was not a conscious participant in the crime of larceny, or any other crime, as he was justified in believing that Nolden was in possession and control of the beans.

The value of the beans, in each instance, was in excess of $25.00. In spite of the fact that the issue was whether or not Hemphill stole the beans, or knowingly participated in the felonious taking thereof, the Court charged the jury for the State as follows: "The court instructs the jury for the State that it is not necessary that the evidence in this case show the exact amount of the beans stolen by the defendant or the exact value thereof but if the jury believes from the evidence in this case beyond a reasonable doubt that the defendant, Billy Hemphill, did willfully, unlawfully and feloniously take, steal and carry away beans valued in excess of $25.00 at one time the personal property of Myer Turner, then the jury

shall find the defendant guilty as charged and the form of your verdict may be 'We the jury find the defendant guilty as charged in the indictment.'"

The instruction assumed that the beans were "stolen by the defendant." The sole issue which it submitted to the jury was whether or not the value of the beans, taken at one time, was in excess of $25.00. Since the proof showed, without dispute, that the value of each taking was more than $25.00, it was therefore the equivalent of a peremptory instruction to find the defendant guilty.

■■■ Manifestly the instruction was erroneous, for it is basic that instructions must not assume the guilt of the defendant. Neither may they assume the existence or non-existence of controverted facts, which are material. Newton v. State, 12 So. 560; Brown v. State, 72 Miss. 997, 17 So. 278; Fore v. State, 75 Miss. 727, 23 So. 710; Cook v. State, 85 Miss. 738, 38 So. 110; Walton v. State, 87 Miss. 296, 39 So. 689; Barber v. State, 125 Miss. 138, 87 So. 485; Marble v. State, 195 Miss. 386, 15 So. 2d 693; 23 C. J. S., Criminal Law, Section 1166, page 701; 52 C. J. S., Larceny, Section 154, page 1012.

For the error in granting the above instruction, the cause is reversed and remanded for a new trial.

Reversed and remanded.

*McGehee, C. J.,* and *Arrington, Ethridge* and *Gillespie, JJ.,* concur.