Sasser *v.* Sasser

No. 42659          January 14, 1963          148 So. 2d 668

*Allen & Patterson,* Brookhaven, for appellant.

*Jones & Stratton,* Brookhaven, for appellee.

## ON MOTION TO STRIKE STENOGRAPHER'S TRANSCRIPT

McGehee, C. J.

As we understand the motion and exhibits the appellant mailed to the court reporter on September 4, 1962, a notice to transcribe her stenographic notes on the appeal of the above styled cause, but that the same

was mailed to the court reporter, Mrs. Etta Pearl Ray, at Brookhaven, Mississippi, instead of being mailed to her at her usual place of abode at P. O. Box 96, Wesson, Mississippi, which had been her usual place of abode for more than six years prior to the mailing of such notice.

September 4, 1962, was the last day for giving notice to the court reporter to transcribe her notes so as to be not more than ten days after the adjournment of the Chancery Court at Brookhaven, Mississippi, where the above styled cause was tried. On September 7, 1962, the envelope and its contents were delivered to the court reporter in person by the Hon. Carroll Kemp, Chancellor of the Fifteenth Chancery Court District of Mississippi, evidently at the request of someone connected with the case. At any rate, Mrs. Ray has made an affidavit in answer to the motion to strike the stenographic transcript of the testimony taken at the trial, and in which affidavit she states that she did not receive the notice until the said 7th day of September 1962; that, in other words, the notice was not mailed to her at her usual place of abode at Wesson, Mississippi, within 10 days after the adjournment of the term of court, nor was the same delivered to her in person until September 7, 1962, which was after the 10 days had expired within which the notice should have been given.

(Hn 1) Under the facts and circumstances we do not think that the motion to strike the stenographer's transcript of the notes of the testimony taken at the trial should be sustained, since the record is now on file in the office of the Clerk of this Court, and we are therefore overruling the said motion. The documentary evidence before us discloses that the certificate of appellant dated September 4, 1962, states that the original notice was handed to the court reporter and a copy was filed in the office of the Chancery Clerk of Lincoln County at Brookhaven, Mississippi.

Under all the facts and circumstances we think that the case should be heard on its merits, since the failure to get the notice served on the court reporter within the time required by law was due to no fault on the part of the appellant, except that the notice was within the time required by law erroneously or mistakenly mailed to the court reporter at Brookhaven where the case was tried, instead of to her usual place of residence at Wesson.

On November 10, 1958, in the case of The Fishermen and Allied Workers, et al v. The Quaker Oats Co., Inc., 235 Miss. 401, 106 So. 2d 144, this Court held that where an appellant has in good faith attempted to give the required notice to the court reporter to transcribe her notes, within the time provided by law, but mistakenly inserted the wrong name of the reporter, and filed copy of notice with the clerk, and the reporter obtained said notice and made up and filed the transcript within the time provided by law, the evidence should not be stricken for a mistake made in the name of the court reporter.

Motion to strike stenographic transcript overruled.

All Justices concur, except Arrington and Jones, JJ., who took no part.