WALKER, Justice:
Robert Leroy Fields was convicted of perjury in the First Judicial District of Hinds County and sentenced to serve a term of three years in the State Penitentiary. A motion for a new trial was timely made by appellant on April 9, 1971, which was taken under advisement by the trial judge. On October 15, 1971, the motion *651 was overruled. On that same date, the term of court was adjourned and the minutes signed ending the term. A copy of the order overruling the motion for a new trial was promptly sent to counsel for appellant and the district attorney. On October 26, 1971, eleven days after the court term was adjourned, the appellant’s attorney gave notice of appeal to the court reporter. On October 28, 1971, the district attorney filed a motion in the circuit court to strike the notice to the court reporter for the reason that it was not timely filed. On November 16, 1971, appellant answered the motion to strike, asked that it be overruled, and on that same day perfected his appeal to this Court by filing bond. On November 17, 1971, a hearing was had on this motion and the circuit judge entered his order overruling same. On November 27, 1971, the State filed its cross-appeal alleging as grounds therefor that the motion to strike the notice to the court reporter was overruled after the appeal had been perfected and jurisdiction removed to this Court by appellant’s having filed his bond. Thereafter, on September 15, 1972, the State filed a motion in this Court to strike the court reporter’s notes and to dismiss the appeal.
The motion to strike the court reporter’s notes was sustained, but the motion to dismiss was overruled pending a hearing of this cause.
Since this Court has sustained the State’s motion to strike the court reporter’s notes, that is the record made of the trial in the lower court, there leaves only the question before us of the propriety thereof, together with appellant’s second assignment of error wherein he complains of the granting of the State’s instruction number two by the trial court.
I.
Timely notice to the court reporter is an indispensable prerequisite to having the reporter’s notes and the exhibits thereto considered by this Court upon appeal. The applicable portion of Mississippi Code 1942 Annotated section 1640 (Supp.1972) reads as follows:
In all cases in which the trial is noted by the official court reporter, any person desiring to appeal the case shall notify the court reporter in writing within ten (10) days after adjournment of court of the fact that a copy of the notes is desired. The notice must be handed to the court reporter personally or mailed to him at his usual place of abode. In either case, the attorney making the request shall file with the clerk of the court a copy of the notice with a statement of how the notice was served, and a copy thereof shall in like manner be served upon appellee’s attorney, and the said notice shall designate the portions of the record, proceedings, testimony and evidence to be contained in the record of appeal.
In this case, neither personal delivery nor mailing nor any attempt at either occurred within the ten-day period. This Court stated in Walker v. Jones County Community Hospital, 244 So.2d 21, 22 (Miss.1971), “Unless some type of writen [sic] notice is given or mailed to the court reporter to transcribe the notes within the time allowed by statute, they will be stricken from the record on appeal upon application of an adverse party.” The same was held in Southern Christian Leadership Conference, Inc. v. A. G. Corporation, 230 So.2d 559 (Miss.1970), citing numerous authorities.
In this case the order of the circuit court overruling the motion for a new trial was entered October 15, 1971, and the term of circuit court was adjourned and the minutes signed on the same day. The notice to the court reporter was mailed by the defendant to the court reporter, circuit clerk and district attorney on October 26, 1971, eleven days after adjournment of the term and not within the period of time *652 specified in Mississippi Code 1942 Annotated section 1640 (Supp.1972).
The only exception to this rule has been in those rare cases where the Court found that there had been a good faith effort to comply with Section 1640 by mailing a written notice within ten days even though the notice was not correct in all respects. See, e. g., Sasser v. Sasser, 246 Miss. 252, 148 So.2d 668 (1963), where the notice to the court reporter was mailed within the ten-day period, but was mistakenly mailed to the wrong address, and Fishermen and Allied Workers v. Quaker Oats Company, 235 Miss. 401, 106 So.2d 144 (1958), 109 So.2d 321 (1959), where the party attempted to give notice within the ten-day period but mistakenly inserted the wrong name of the court reporter in the notice. In both of these cases, the Court found that a good faith effort to comply with the statute had been made.
II.
We find merit in the appellant’s contention that even in the absence of the court reporter’s notes and the exhibits thereto that this case should be reversed and remanded because of the granting by the trial court of State’s instruction number two.
The indictment upon which the appellant was tried reads as follows :
[0]n the 24th day of November, A.D., 1971, [appellant] did wilfully and corruptly swear, testify, or affirm falsely to a material matter under oath, affirmation, or declaration legally administered by Ken Griffin, a deputy Circuit Clerk of Hinds County, Mississippi in the present matter, cause, or proceeding pending in the circuit court of the First Judicial District of Hinds County, Mississippi
a court of law being a court of record and lawful jurisdiction, that: when being asked by Jack Travis, district attorney, upon a motion to quash, “Now, tell me, what is your - - - have you ever been convicted of any misdemeanors or felonies?” Mr. Fields’ answer was, “Well, sir, the only trouble I ever had was that I had a little trouble with these fellows in Jackson trying to make me wear a helmet while I was riding my motorcycle.” Mr. Fields had been introduced as a witness on behalf of the mov-ant; in State v. Mississippi vs. Kenneth Stewart, #20,114.
The truth being that: On the 27th of December, 1958 Robert Leroy Fields duly advised of all his legal and constitutional rights and being further advised of the consequences of such a plea as the defendent [sic] did enter a plea of guilty to the charge of Forgery as handed down by the Grand Jury of Warren County, Mississippi. He was sentenced to four years in the Miss. State Penitentiary. The court (thru Judge R. B. Anderson) suspended the sentence and placed him on probation.
Two (2) witnesses, or one witness and corroborating circumstances are present to prove these statements were Ingrid Cook, the court reporter during his statement at the motion to quash on behalf of Kenneth D. Stewart, Cause No. 20,114, and a full, true and correct transcript of the testimony as given by Robert Leroy Fields
contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.
The instruction complained of by appellant reads as follows and is in the following form:
The Court instructs the Jury for the State of Mississippi that if you believe from the evidence in this case beyond a reasonable doubt that Robert Leroy Fields, at the time and place alleged in the indictment in this case and before the Circuit Court of the First Judicial District of Hinds County, Mississippi, on November 24, 1970, was under oath to *653 tell the truth, said oath having been properly administered by Ken Griffin, a deputy Circuit Clerk of Hinds County, with the authority to do so, and that he, Robert Leroy Fields, did then and there before said Court wilfully, feloniously and corruptly swear, testify and affirm falsely, knowing the same to be false, to a certain material matter in said case of State of Mississippi Versus Kenneth D. Stewart, to-wit:
That when asked had he ever been convicted of any misdemeanor or felonies, he replied, “Well, sir, the only trouble I ever had was that I had a little trouble with these fellows in Jackson trying to make me wear a helmet while I was riding my motorcycle.” The truth being that on December 27, 1958, Robert Leroy Fields did enter a plea of guilty to the charge of Forgery in Warren County. He was sentenced to four years in the State Penitentiary. It was suspended, and he was placed on probation.
That said matter in said case was material to the case and to the ends of justice, then it is your sworn duty to find the Defendant guilty and in such event, the form of your verdict shall be:
“We, the Jury, find the Defendant guilty as charged.”
Even a casual reading of the above instruction reveals that it assumes as proved two facts vital to the charge as laid in the indictment: (1) that Fields was under oath to tell the truth in that the instruction unequivocally recites, “. said oath having been properly administered by Ken Griffin, a deputy Circuit Clerk of Hinds County, with the authority to do so . . . .” and, (2) that Fields had in fact been convicted before of a misdemeanor or felony. In this regard, paragraph two of the instruction reads, “That when asked had he ever been convicted of any misdemeanor or felonies, he replied, ‘Well, sir, the only trouble I ever had was that I had a little trouble with these fellows in Jackson trying to make me wear a helmet while I was riding my motorcycle.’ The truth being that on December 27, 1958, Robert Leroy Fields did enter a plea of guilty to the charge of Forgery in Warren County. He was sentenced to four years in the State Penitentiary. It was suspended, and he was placed on probation.” (Emphasis added). Of course, an instruction which assumes as true a material fact, the truth of which is for the determination of the jury, is erroneous, and in this case is fatal. As we stated in Eubanks v. State, 227 Miss. 162, 169, 85 So.2d 805, 806 (1956):
We do not think that the clause, “if they believe from the evidence beyond a reasonable doubt”, at the beginning of this instruction, can be said to qualify all of the succeeding statements, either grammatically or in common sense.
Instructions must not assume the existence or nonexistence of controverted facts which are material. Quarles v. State, 199 So.2d 58 (Miss.1967); Hemphill v. State, 222 Miss. 516, 520, 76 So.2d 512, 513 (1954) and the numerous authorities cited therein at page 513.
For the error in granting the above instruction, the case is reversed and remanded for a new trial.
Reversed and remanded.
GILLESPIE, C. J., and INZER, SUGG, and BROOM, JJ., concur.