320 So.2d 368 (1975)
Charles T. CLEMONS and Linda Clemons
v.
STATE of Mississippi.
No. 48707.
Supreme Court of Mississippi.
October 13, 1975.
Buckley & Ford, Laurel, for appellants.
A.F. Summer, Atty. Gen. by Pete J. Cajoleas, Sp. Asst. Atty. Gen., and Karen Gilfoy, Asst. Atty. Gen., Jackson, for appellee.
Before RODGERS, P.J., and SUGG and BROOM, JJ.
RODGERS, Presiding Justice:
The appellants were charged in an indictment returned by the Grand Jury of the Circuit Court of the Second Judicial District of Jones County, Mississippi, for the crime of the unlawful possession of more than one (1) ounce of marijuana. They were convicted and each sentenced to *369 serve a term of two and one-half (2 1/2) years in the state penitentiary. They have appealed to this Court, but did not request, nor have they obtained, a transcript of the testimony for review. The appeal is based entirely upon a Special Bill of Exceptions to the arguments of the district attorney and county attorney. The trial judge approved and signed the bill of exceptions, but denied a new trial. The bill of exceptions is in the following language:
"SPECIAL BILL OF EXCEPTIONS"
Charles T. Clemons and Linda Clemons, the defendants in the above styled and numbered cause, by and through their attorney of record, and being aggreived [sic] as a result of the decisions, actions and rulings of this Court on October 3, 1972, during the final argument of this cause before the jury by the State's attorney, respectfully submits and moves the Court to allow this Special Bill of Exceptions of matters and things occuring [sic] during the trial of this cause not otherwise of record, to-wit:
I.
During the State's concluding argument by Hon. Robert Sullivan, County Prosecuting Attorney, State's Exhibits 1 & 2, A through K, were on the bar directly in front of the jury box and without a few feet of the jury, and in plain view of the jury. Mr. Sullivan placed his hand on those exhibits, patted them and said to the jury, `This is the stuff that cause people to drown little babies.' `This is the stuff that causes people to jump off buildings.' `This [is] the stuff that causes people to lose their minds.' `This is the stuff that causes people to kill themselves.' Objection was duly made by counsel for the defendants and sustained by the Court, and the Court admonished the jury to disregard the remarks. The Defendants then moved for a mistrial and the Court overruled that motion and the Court then granted the defendants leave to file a Special Bill of Exceptions to the ruling of the Court on the motion for a mistrial.
II.
During the State's concluding argument by Mr. William Harold Odom, district attorney, Mr. Odom placed his hands on State's Exhibits 1 & 2, A through K, the exhibits being on the bar immediately in front of the jury and in their plain view, and patted the exhibits and said: `The law enforcement officers, the Grand Jury and the district and county attorney have done their job; now, it is your turn to clean up this County. I've got a child: You've got grand children and you must do something about this mess and you have got a chance to do something about it here. If you convict, the word will get out and the people in Chicago and New York will get the word and go where the picking is easy. That's enough dope to supply a rock festival! That is enough dope to drive half the children in Jones County, crazy. That is enough dope to cause women to jump off buildings and drown their babies in bath tubs.' The defendants objected three times during the course of that part of the argument and the objections were sustained, but Mr. Odom, during the course of the objections raised his voice even louder and continued to argue, ignoring the attempts of the defendant to interpose objections, and ignoring the rulings of the Court, until counsel for the defendants raised his voice to a much higher level. The Court then again sustained the objections and directed the jury as follows: `The jury will ignore those remarks.' The defendant then moved the Court for a mistrial and the motion was overruled by the Court. The defendant then moved the Court to direct the district attorney to refrain from continuing to address the jury while an objection or motion were being made. That motion was overruled by the Court. At all times when the *370 above was transpiring the district attorney was arguing to the jury and Court in a very loud voice.
III.
Also during the final argument by the district attorney, while refering [sic] to one of the State's instructions, the district attorney said to the jury: `The Court does not tell you that you have to know the defendants are guilty before you can find them guilty, and you do not have to know they are guilty before you can find them guilty.' The defendant objected to such argument and the Court sustained the objection. However, while the attorney was attempting to address the Court, and while the Court was making the ruling sustaining the objection, the district attorney continued to address the jury and the Court in a loud voice, saying, `Well, you Honor, the jury cannot know whether or not they are guilty or not  that is the law  they don't have to know they are guilty.' The defendant then moved the Court to direct the jury to ignore the latter remarks and direct the district attorney to stop arguing while an objection and ruling was being made. That motion was overruled by the Court. The defendant then moved for a mistrial and it was also overruled by the Court.
IV.
During the concluding argument by the attorney for the defendants, counsel for the defendants attempted to argue to the jury that the State was attempting to conceal evidence of the innocence of the defendants by failing to call Howard Thomas, a co-defendant, as a witness and granting him immunity in return for his testimony and by not also trying his case first. Objection was made by the State and sustained by the Court. However, on the State's final argument, the district attorney stated: `Counsel for the defendants talked to you about Howard Thomas.' `Well I want to tell that he has already been tended to.' `He will be going up yonder in a little while.' The defendants objected and the Court overruled the objection, stating that counsel for the defendants had initially injected that subject into the trial.
V.
Also, during the State's concluding argument, the district attorney argued as follows: `You know what has been happening in this community. All of you have read or heard about it.' `I don't know about you but I don't want our little children to grow up with their minds ruined by dope.' `I will try the ones responsible until the last one is in the pen.' `Birds of a feather flock together. Look at them out there.' The district attorney then stepped over and pointed to some people in the Courtroom and said: `Look at them out there.' `They are lined up out there waiting on their turn to be tried.' Counsel for the defendants then objected and the Court sustained the objection and admonished the district attorney to refrain from such remarks and to not repeat them. However, during the course of the stating of the objection by the defendants and the ruling of the Court the district attorney was facing the jury and pointing toward the defendants and their counsel and continuing to argue in a loud voice and said, `Look at them. When you stick them they holler. When you get to gurting [sic] them they holler.' The defendants objected to the latter remarks of the district attorney, as the district attorney continued to argue to the jury in a loud voice, and the Court overruled the objection. The defendants then moved the Court for a mistrial and the motion was overruled.
VI.
To all the argument of the attorneys for the State of Mississippi, as heretofore set forth, the defendants requested that *371 the Court allow the defendants to reserve the right to make and present a Special Bill of Exceptions to such argument and objections and the rulings of the Court thereon, and the Court, in each instance, granted unto the defendants the right to so except." (Original emphasis)
We have set out in full the bill of exceptions, because we feel that this Court should give some additional attention to the conduct of attorneys, particularly the prosecuting attorneys in their arguments to the jury.
The purpose of the closing argument before a jury is to enlighten the jury. It is the duty of the district attorney to fairly sum up and point out the points presented by the state on which the prosecution contends a verdict of guilty is proper. Welch v. State, 114 Miss. 708, 75 So. 548 (1917). On the other hand, it is the constitutional right of the accused to be heard by himself or counsel. It has been said that:
"The right of argument contemplates liberal freedom of speech and range of discussion confined only to bounds of logic and reason; and if counsel's argument is within the limits of proper debate it is immaterial whether it is sound or unsound, or whether he employs wit, invective, and illustration therein. Moreover, figurative speech is legitimate if there is evidence on which it may be founded. Exaggerated statements and hasty observations are often made in the heat of debate, which, although not legitimate, are generally disregarded by the court, because in its opinion they are harmless. There are, however, certain well-established limits beyond which counsel is forbidden to go; he must confine himself to the facts introduced in evidence and to the fair and reasonable deductions and conclusions to be drawn therefrom, and to the application of the law, as given by the court, to the facts.
Subject to these limitations, the prosecuting attorney may with perfect propriety appeal to the jury with all the power, force, and persuasiveness which his learning, skill, and experience enable him to command, and of this character of argument accused may not complain even though he feels that his conviction may be traceable more directly to the argument of the prosecuting attorney than to the facts proved. Similarly, defense counsel is entitled freely to argue all questions properly within the issues of the case." 23A C.J.S. Criminal Law § 1090, at 128-29 (1961).
This Court said in Cavanah v. State, 56 Miss. 299 (1879):
"Undoubtedly, there is a limit to the latitude to be allowed to counsel in addressing a jury, and it is the duty of the court to interfere to prevent an abuse of the privilege of counsel, to the perversion of justice, by misstating facts or commenting on facts not in evidence. A large discretion in this matter must be exercised by the circuit judge. It is a very delicate duty; for he must be cautious not unduly to abridge the liberty of counsel, and, in restraining him within proper limits, must not deny him the full liberty of discharging his important duties, in enforcing his views of the law and the evidence. `His illustrations may be as various as are the resources of his genius; his argumentation as full and profound as his learning can make it; and he may, if he will, give play to his wit, or wing to his imagination.'
Where the privilege of counsel had been abused to such an extent as to induce the belief of probable injustice as its result, and the court below had not properly interposed, we would not hesitate to apply the corrective; but in this case we see no ground for interference." 56 Miss. at 309-10.
So long as counsel in his address to the jury keeps fairly within the evidence *372 and the issues involved, wide latitude of discussion is allowed; but, when he departs entirely from the evidence in his argument, or makes statements intended solely to excite the passions or prejudices of the jury, or makes inflammatory and damaging statements of fact not found in the evidence, the trial judge should intervene to prevent an unfair argument. Moreover, this Court will not withhold a reversal where such statements are so inflammatory [in the judgment of this Court] as to influence the verdict of the jury, and thus prevent a fair trial.
In the instant case, the prosecuting attorneys did not exceed proper argument to point out the danger of the marijuana, although the activity of these officers was obviously reprehensible conduct. There is no reversible error on this point, particularly since the trial judge admonished the jury to disregard the statement of the attorney.[1]
On the other hand, notice that the bill of exceptions [which we accept as true] indicates that the district attorney argued in a loud tone of voice with the judge. District attorneys are state district officers as well as attorneys of the court, and as such are bound by the rules and orders of the trial judge. The trial judge should be vigilant to require proper respect for the dignity of the law and the courts of this state. If the trial judge is unfair or tyrannical, this may be corrected by appeal. In every case the district attorney must act in a courteous manner with proper deference to the trial judge. In the present case, the district attorney said to the jury, "The court does not tell you that you have to know the defendants are guilty, and you do not have to know they are guilty before you can find them guilty."
In the first place, it is the duty of the trial judge to instruct the jury and not the district attorney. Pearson v. State, 254 Miss. 275, 179 So.2d 792 (1965); Mississippi Code Annotated Section 99-17-35 (1972).
In Ivey v. State, 206 Miss. 734, 40 So.2d 609 (1949), this Court pointed out that the trial court should have sustained an objection to a legal instruction verbally given by the district attorney to the jury. In that case, however, the verdict of the jury was affirmed. Nevertheless, the Court said: "In this state it is the province of the trial judge to announce the law to the jury." 206 Miss. at 755, 40 So.2d at 614. See also Harris v. State, 207 Miss. 241, 42 So.2d 183 (1949); 23A C.J.S. Criminal Law § 1110, at 217 (1961).
This instruction has been condemned by this Court so often that it seems unnecessary to continue to cite authority on this issue. See some of the cases listed in Kent v. State, 241 So.2d 657 (Miss. 1970).
Now we find that although the trial judges have ceased to use this instruction, the district attorney in this case not only used the instruction verbally in his argument, he argued with the trial judge when the judge sustained an objection to the argument.
In the case of Pearson v. State, 254 Miss. 275, 179 So.2d 792 (1965), where the trial judge permitted the district attorney to give to the jury a verbal instruction, this Court said: "For the error, growing out of this incident in the closing argument, the cause must be and it is, reversed and remanded for a new trial." 254 Miss. at 293, 179 So.2d at 800.
We have no evidence before us as to whether or not the appellants are guilty. The court signed a special bill of exceptions showing the inexcusable conduct of the prosecuting attorney. This leaves us no alternative except to reverse this case *373 and remand the same for a new trial, because it is evident that the defendants did not receive a fair trial.
Reversed and remanded.
GILLESPIE, C.J., and PATTERSON, INZER, SMITH, ROBERTSON and WALKER, JJ., concur.
NOTES
[1] Holifield v. State, 275 So.2d 851 (Miss. 1973); Terrell v. State, 262 So.2d 179 (Miss. 1972); Catholic Diocese of Natchez-Jackson v. Jaquith, 224 So.2d 216 (Miss. 1969); Pitts v. State, 211 Miss. 268, 51 So.2d 448 (1951); 23A C.J.S. Criminal Law § 1095, at 156 (1961).