358 So.2d 414 (1978)
David JONES
v.
STATE of Mississippi.
No. 50497.
Supreme Court of Mississippi.
May 10, 1978.
*415 Earl Denham, Henry R. Mitchell, III, Ocean Springs, for appellant.
A.F. Summer, Atty. Gen., by Pete J. Cajoleas, Special Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, LEE and BOWLING, JJ.
LEE, Justice, for the Court:
David Jones was indicted, tried and convicted of armed robbery in the Circuit Court of Jackson County, and was sentenced to nine (9) years in custody of the Mississippi Department of Corrections. He appeals and assigns the following as errors committed in the trial below:
(1) The lower court erred in overruling appellant's motion to suppress.
(2) The lower court erred in overruling appellant's motion for directed verdict at the conclusion of the State's evidence.
(3) The verdict was contrary to the overwhelming weight of the evidence.
(4) The lower court erred in refusing appellant's jury Instruction No. 6.
Appellee, State of Mississippi, filed a cross-assignment of error and contends that the trial court erroneously excluded an oral confession which was freely and voluntarily given by appellant and which was offered by the State as direct evidence of appellant's guilt of the crime charged.
On the night of September 26, 1976, Paul Frutelle, an employee of the Trackside Service Station in Ocean Springs, was approached by a person at the unlighted rear of the station who asked him, "Do you see what I got?" Frutelle recognized that the man was holding a gun, he demanded money from Frutelle, took approximately forty dollars ($40.00) from him, and ran into the bushes behind the station. Frutelle was unable to identify his assailant as David Jones because of dim light. He was able to give the approximate size of the robber who had a large gun which Frutelle thought to be a .45 caliber pistol.
The police department was notified of the robbery and Detective Kevin Alves conducted an investigation. Several days later, a confidential informant advised Alves that he heard Jones admit the crime. Detective Alves saw Jones driving an automobile on a city street and stopped him. At that time, Alves had a John Doe arrest warrant. Alves advised appellant of his constitutional rights and informed him that he was suspected of an armed robbery. Jones voluntarily gave Alves permission to search the vehicle and a .22 caliber revolver and a .177 caliber pellet gun on a .45 caliber frame were found. Jones was placed under arrest for carrying concealed weapons and was taken to the Ocean Springs Police Department by Officer Guillott, who had arrived to assist Detective Alves. Jones again was advised of his constitutional rights at the police station in the presence of Captain Billy Thigsten. He freely and voluntarily signed a waiver of rights form, and then made a statement to Alves in his own handwriting, which statement follows:
"I decided to come over to O.S. for awhile, and when I come over I went to Bubbers. I was there about twenty minutes and then I went out to the car and I met the girl. So I talked to her about one hour and then I took her home, and I was there about fifteen minutes, and so I left and went down the road and parked my car over at the parts store and I walked over, told him to give me the money, so he did and I left and went back home and that is how it was the 26th day of September, 1976. The reason why I did it was because I went crazy or something. I don't know what happened and after it were over I got upset and I were *416 never nervous so I didn't know what to do. I start to take it back, but I were ashamed so that's the way it was."
The only witness introduced by appellant was Mrs. Rosalie Hayse, mother of appellant's girlfriend. She established an alibi for him.

I.
Did the lower court err in overruling appellant's motion to suppress the statement by appellant?
Two elements are necessary to establish probable cause in order to arrest an individual without a warrant: (1) determination that a felony has been committed, and (2) reasonable grounds to suspect and believe the person proposed to be arrested committed the felony. McCollum v. State, 197 So.2d 252 (Miss. 1967); Clanton v. State, 242 Miss. 734, 137 So.2d 180 (1962). The confidential informant told Detective Alves that he heard appellant admit he committed the robbery. Alves testified that the informant was reliable and trustworthy and that the informant had given him accurate and reliable information on two other occasions which led to the apprehension of criminals. In McCollum, this Court set out the following statements found in annotation to Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327, 1736-1739 (1959):
"`Probable cause' or `reasonable grounds' justifying an arrest without warrant exist where the facts and circumstances within the arresting officer's knowledge and of which he had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that a narcotics offense has been or is being committed. It is not required that probable cause be established solely by facts within the personal knowledge of the arresting officer. A combination of information and personal knowledge may raise the inference beyond opinion, suspicion, and conjecture to reasonable probability. All information in the agent's possession, fair inferences therefrom, and observations made by him are pertinent." 197 So.2d at 255.
Appellant was stopped and was told the reason for his detention, even though he was not told in actual words that he was under arrest. We conclude that the officers' action was authorized and legal. Further, the evidence is undisputed that Detective Alves asked appellant, if he might search the automobile, and appellant voluntarily consented to such search. A.22 caliber pistol and a .177 caliber pellet gun were found and were introduced in evidence. On Lee v. United States, 343 U.S. 747, 72 S.Ct. 967, 96 L.Ed. 1270, reh. den. 344 U.S. 848, 73 S.Ct. 5, 97 L.Ed. 659 (1952).
The motion to suppress was correctly overruled and the guns and the written statement were properly admitted in evidence.

II.
Did the trial court err in overruling appellant's motion for directed verdict at the conclusion of the State's evidence?

III.
Is the verdict of the jury contrary to the overwhelming weight of evidence?
Appellant entered a motion for directed verdict at the conclusion of the State's evidence which was overruled, and he renewed the motion at the conclusion of all the evidence. We consider the motion in Assignment No. II as being made at the conclusion of all evidence.
In passing on a motion for directed verdict, the trial court considers as true the evidence most favorable to the State together with all reasonable inferences drawn from the evidence, and, if they will sustain a verdict of guilty, the motion must be overruled. Lee v. State, 338 So.2d 395 (Miss. 1976); Glass v. State, 278 So.2d 384 (Miss. 1973).
Unless the verdict is opposed by a decided preponderance of the evidence or is based on no evidence whatever, the verdict will be allowed to stand. Kitchens v. State, *417 300 So.2d 922 (Miss. 1974). Appellant wrote and signed a voluntary statement that he was in Ocean Springs on September 26, 1976, that he parked his car at a parts store, and that he took the money. There is no evidence to indicate that any other or different robbery occurred in Ocean Springs on that date or that appellant committed any other robbery, and the jury was warranted in believing from all the evidence that appellant robbed Paul Frutelle on said occasion.
The facts, circumstances and inferences constituted a guilt question for the jury and the motion for directed verdict was properly overruled. Likewise, the verdict was not contrary to the overwhelming weight of the evidence.

IV.
Did the trial court err in refusing appellant's jury Instruction No. 6?
Instruction No. 6 is the two-theory instruction [See Appendix]. It should not be given except in a purely circumstantial evidence case. King v. State, 315 So.2d 925 (Miss. 1975); Kitchens v. State, 300 So.2d 922 (Miss. 1974). The present case is not entirely circumstantial because the statement of appellant is probably the strongest part of the evidence. The jury was fully instructed on the law of the case and the burden of proof required by the State before a guilty verdict could be returned. The court did not err in refusing Instruction No. 6.

CROSS-APPEAL
The State contends that the trial court erroneously excluded an oral confession freely and voluntarily made by appellant prior to his written confession, and appeals from the adverse ruling, pursuant to Mississippi Code Annotated Section 99-35-103(c) (1972), to settle the question of law.
After appellant was fully advised of his constitutional rights, he made an oral statement to Detective Alves wherein he said that he had had a few drinks, engaged in an argument with his girlfriend, left her home, parked his automobile at the parts store, saw Mr. Frutelle standing near the rear of the service station, walked over to him and demanded his money, took the money, walked back to his vehicle, left and bought more liquor. He further stated that he used the pellet gun during the robbery. Objection was made to the oral statement on the ground of hearsay, and the court ruled it inadmissible, assigning the following reasons:
"BY THE COURT: Now, if it was reduced to writing, that's what I'm saying, I have already heard that on the Motion to Suppress, and I ruled that it was admissible on the Motion to Suppress here this week. This is out of the presence of the jury, but I ruled on that this week. It was a statement voluntarily made. His rights had been given him, all his constitutional right, before he made the statement, and that it was admitted, and I allowed it to be admitted in that motion and if the State would offer it now, I will rule on it at this time, the written statement. And it will stand on whatever it is, but what I am holding is that you can't bolster a written statement by giving oral testimony or oral confession to bolster it, because if it is a statement, it ought to be in its entirety with his statement of confession. All right, go ahead. Let the jury be brought back. Bring the jury back."
The trial court apparently had in mind the parol evidence rule in holding that the oral confession was inadmissible. All voluntary statements or confessions of the defendant are admissible when offered by the State for what weight they may have in the case. Gilmore v. State, 225 Miss. 173, 82 So.2d 838 (1955); Hemphill v. State, 222 Miss. 516, 76 So.2d 512 (1954). The written statement made by appellant in his own handwriting was in addition to the oral confession made to Detective Alves. See Bankston v. United States, 433 F.2d 1294 (5th Cir.1970), wherein the Court said:
"Bankston also complains of the admission in evidence of oral statements made by him to FBI agents. This seems to be *418 based on his assumption that to be admissible, such statements must be in writing. That, of course, is not the law; and the trial records shows that a Jackson v. Denno (1964, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908) type hearing was held at which a showing was made that the oral statements to officers were preceded by full warnings in compliance with the standards of Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. The brief does not urge that the statements were coerced." 433 F.2d at 1295.
The trial court erred in sustaining an objection to the oral confession.
AFFIRMED ON DIRECT APPEAL; REVERSED ON CROSS-APPEAL.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.

APPENDIX

"INSTRUCTION NO. 6
The Court instructs the jury that if there may be a fact or circumstance in this cause susceptible of two interpretations, one favorable and the other unfavorable to the accused, when the jury has considered such fact or circumstance with all other evidence, there is a reasonable doubt as to the correct interpretation, then you, the jury, must resolve such doubt in favor of the accused, and place upon such fact or circumstance the interpretation most favorable to the accused."