411 So.2d 772 (1982)
Ronald C. HOWELL
v.
STATE of Mississippi.
No. 53056.
Supreme Court of Mississippi.
March 24, 1982.
Johnston & Steinberger, Albert S. Johnston, III, Pascagoula, for appellant.
Bill Allain, Atty. Gen. by Amy Whitten, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SUGG, P.J., and BROOM and BOWLING, JJ.
*773 BOWLING, Justice, for the Court:
Appellant was indicted, tried and convicted in the Circuit Court of Stone County of the crime of armed robbery. The lower court sentenced him to eight years in the custody of the Mississippi Department of Corrections.
There are several assignments of error, but we need only to consider one, as it requires the reversal of this case for a new trial.
The assignment concerns the closing argument to the jury by the district attorney. What occurred may best be described by quoting what is shown by the record:
BY MR. NECAISE:
Another one of those situations where you're trying to confuse the Jury. Trying to put the burden on you that you are about to make an awful mistake. Let me say this to you, ladies and gentlemen, your decision, if you find him guilty, will not be the final... . There's a Court above this that will look at this and see if you all made the right decision.
BY MR. STEINBERGER:
I'm going to object to that, Your Honor. That is not a correct statement of the law. The Jury decides the facts and the appellate court is strictly, as Mr. Necaise well knows and that's a misleading statement.
BY THE COURT:
I'll sustain the objection.
BY MR. NECAISE:
Judge, he talked about, you know, about this... .
BY THE COURT: (Interposing)
... up to the Supreme Court, I'll allow you to...
BY MR. STEINBERGER: (Interposing)
And we would like to have the Jury instructed to disregard that.
BY THE COURT:
They will.
BY MR. NECAISE:
... the Supreme Court ...
BY MR. STEINBERGER: (Interposing)
And ask for a mistrial, if Your Honor please.
BY THE COURT:
Overruled.
BY MR. NECAISE:
The Supreme Court of the State of Mississippi has a right to look at this case and see if the laws have been followed in this case.
BY MR. STEINBERGER:
That's not a correct statement of the law either, may it please the Court.
BY THE COURT:
I'll sustain it. I'll let you say that he has a right to appeal.
BY MR. NECAISE:
He has the right to appeal and have another panel of Judges, solely, to look at this issue. If they find that it wasn't done properly, they will send it back or they can turn him loose, up there, if they find that ...
BY MR. STEINBERGER: (Interposing)
May it please the Court, the same objection on this entire subject matter, if the Court, if Mr. Necaise in questioning... .
BY THE COURT: (Interposing)
Overruled.
BY MR. NECAISE:
You are not the final judges of this and if he appeals it, he has the right to be out on bond...
BY THE COURT: (Interposing)
I'll sustain it, I'll sustain the objection to that...
BY MR. JOHNSTON: (Interposing)
Yes, sir, we've got to object because they are the triers of facts.
BY THE COURT:
The Jury don't consider that.
BY MR. STEINBERGER:
We move for another mistrial and ...
BY THE COURT: (Interposing)
Overruled.
BY MR. NECAISE:
So they, you are not going to be the final judges. You are going to make a decision here in a short time as to what *774 you feel the verdict should be in this case, based upon the evidence that has come to you.
They say well, they try to say well, Mary Murphy, oh, she didn't lie, she was just mistaken, she was just mistaken. You are going to have to make that decision as to whether you think Mary Murphy was right.
You people are going to say whether the law for armed robbery in Stone County is going to be upheld by your verdict. You will write the law as to what the penalty is for armed robbery in Stone County, whether a person has a right to come into a man's business, and two little ladies there, and put a gun on them and say give me your drugs. You will write the law.
You know, we don't have much crime in Stone County and do you know why, I've had an opportunity to be with you for sixteen years, six years as Assistant District Attorney and almost ten years as Your District Attorney ...
BY MR. STEINBERGER: (Interposing)
I'm going to object to that, Your Honor. It's ...
BY THE COURT: (Interposing)
I'll overrule you on that but I want to make this statement to the Jury concerning the appeal, uh, you disregard the argument concerning the appeal. But, you don't take that into consideration in reaching your verdict in this case. You decide the case here strictly on the facts and the evidence that has come before you here and relate that only to your verdict and not extraneous matters that may have been raised by either side. You are not to consider the right of appeal, uh, the right to appeal in your verdict.
But, I'll overrule you on the other. All right.
We can readily see that when the district attorney interjected the matter of appeal there was an objection and the lower court sustained the objection, but it did not instruct the jury to disregard the district attorney's statement; although the court was requested so to do. A mistrial was requested and denied.
The district attorney again got on the subject of the Supreme Court checking the case after it had been decided by the jury. Then for the third time, a similar statement was repeated to the jury, advising them that if they did not act "properly" then the Supreme Court would correct their actions. Again, appellant's attorney requested a mistrial and it was denied. After the fourth time the district attorney told the jury "you are not going to be the final judge," and after the idea had been pounded into their heads, the trial judge instructed the jury not to take into consideration a possible appeal of its verdict. In our opinion this came too late. The damage had been done over and over again by the district attorney. The Alabama Supreme Court in Beard v. State, 19 Ala.App. 102, 95 So. 333 (1923), set out the principle prohibiting the prosecution from making the above described error by stating:
The only effect of this argument would be to lead the jury into the mistaken belief that their findings on the facts could be reviewed by a higher tribunal and thereby lessen the sense of responsibility resting on them, and while the judgment perhaps would not for this alone be reversed, it certainly should weigh in consideration of the motion for new trial.
The defendant should have been granted a new trial on his motion, and for this error the judgment is reversed, and the cause is remanded.
The Georgia Supreme Court in Hammond v. State, 156 Ga. 880, 120 S.E. 539 (1923), stated as follows:
"If the state has not made out a case, and they convict this man, and the evidence does not authorize it, nobody will set it aside quicker than the judge, and if refused may be appealed to the Supreme Court. If he should be turned loose, it was at an end."
We are of the opinion that argument of this kind should not have been employed. It tended to lessen the sense of the peculiar *775 and sole responsibility resting on the jury. The question for their solution was the sufficiency of the evidence, under the rules of law relating to circumstantial evidence, to convince their minds beyond a reasonable doubt of the guilt of the accused. The suggestion that, if they should convict him, and the evidence did not authorize it, the judge would set it aside should not have been made. Whether the use of this language required the grant of a mistrial we do not decide. We contend ourselves with disapproving it, as a new trial is granted upon other grounds, and the language will not be used on the next trial.
The Indiana Supreme Court in Kelley v. State, 210 Ind. 380, 3 N.E.2d 65 (1936) stated:
"That in the event the defendant is convicted he may then appeal his case to the Supreme Court of Indiana and under a law recently enacted he would be permitted to be out on bond during that appeal and that in the event he was convicted that he would bring Judge Pigg down here and others, and ask this court to suspend his sentence and the court had a right to suspend such a sentence."
We must assume that the purpose of the statement was to minimize in the minds of the jurors the seriousness of a verdict of guilty. The defendant's just interests demanded that the jurors recognize their full and final responsibility; and any statement by counsel for the state which tended to weaken this sense of responsibility was improper and, presumably, harmful.
In regard to arguments in criminal cases, this Court in Clemons v. State, 320 So.2d 368 (Miss. 1975), set out the following principles:
The purpose of the closing argument before a jury is to enlighten the jury. It is the duty of the district attorney to fairly sum up and point out the points presented by the state on which the prosecution contends a verdict of guilty is proper. Welch v. State, 114 Miss. 708, 75 So. 548 (1917). On the other hand, it is the constitutional right of the accused to be heard by himself or counsel. It has been said that:
"The right of argument contemplates liberal freedom of speech and range of discussion confined only to bounds of logic and reason; and if counsel's argument is within the limits of proper debate it is immaterial whether it is sound or unsound, or whether he employs wit, invective, and illustration therein. Moreover, figurative speech is legitimate if there is evidence on which it may be founded. Exaggerated statements and hasty observations are often made in the heat of debate, which, although not legitimate, are generally disregarded by the court, because in its opinion they are harmless. There are, however, certain well-established limits beyond which counsel is forbidden to go; he must confine himself to the facts introduced in evidence and to the fair and reasonable deductions and conclusions to be drawn therefrom, and to the application of the law, as given by the court, to the facts.
Subject to these limitations, the prosecuting attorney may with perfect propriety appeal to the jury with all the power, force, and persuasiveness which his learning, skill, and experience enable him to command, and of this character of argument accused may not complain even though he feels that his conviction may be traceable more directly to the argument of the prosecuting attorney than to the facts proved. Similarly, defense counsel is entitled freely to argue all questions properly within the issues of the case." 23 A C.J.S. Criminal Law § 1090, at 128-29 (1961).
This Court said in Cavanah v. State, 56 Miss. 299 (1879):
"Undoubtedly, there is a limit to the latitude to be allowed to counsel in addressing a jury, and it is the duty of the court to interfere to prevent an abuse of the privilege of counsel, to the perversion of justice, by misstating *776 facts or commenting on facts not in evidence. A large discretion in this matter must be exercised by the circuit judge. It is a very delicate duty; for he must be cautious not unduly to abridge the liberty of counsel, and, in restraining him within proper limits, must not deny him the full liberty of discharging his important duties, in enforcing his views of the law and the evidence. `His illustrations may be as various as are the resources of his genius; his argumentation as full and profound as his learning can make it; and he may, if he will, give play to his wit, or wing to his imagination.'
Where the privilege of counsel had been abused to such an extent as to induce the belief or probable injustice as its result, and the court below had not properly interposed, we would not hesitate to apply the corrective; but in this case we see no ground for interference." 56 Miss. at 309-10.
So long as counsel in his address to the jury keeps fairly within the evidence and the issues involved, wide latitude of discussion is allowed; but, when he departs entirely from the evidence in his argument, or makes statements intended solely to excite the passions or prejudices of the jury, or makes inflammatory and damaging statements of fact not found in the evidence, the trial judge should intervene to prevent an unfair argument. Moreover, this Court will not withhold a reversal where such statements are so inflammatory [in the judgment of his Court] as to influence the verdict of the jury, and thus prevent a fair trial.
In Tudor v. State, 299 So.2d 682 (Miss. 1974), in reversing and remanding the cause, we stated as follows:
Appellant's counsel failed to object to some of the above matters, objected to others with the objection being sustained, and in some instances the court instructed the jury to disregard the testimony. In other instances, the objection was overruled and the evidence admitted. Some of the errors were more serious than others and although some of them may not alone constitute reversible error, we have no hesitancy in finding that a combination of all of the above deprived the appellant of his due process right to a fair and impartial trial. Incompetent evidence, inflammatory in character, when presented to a jury carries with it a presumption that it was harmful. McDonald v. State, 285 So.2d 177 (Miss. 1973). We will reverse a conviction unless it can be said with confidence that the inflammatory material had no harmful effect upon the jury. Coleman v. State, 198 Miss. 519, 23 So.2d 404 (1945). In McDonald, supra, Justice Broom speaking for the Court said:
It is error in the course of a trial where one is charged with a criminal offense for the state to inject extraneous and prejudicial matters and lay them before the jury. A combination of such instances may become fatal error and ground for reversal even though the court sustains objections to such questions ... One of the ingredients of a fair and impartial trial is that an accused person should be tried upon the merits of the case. Expressing it another way, the question of guilt or innocence of the crime charged should be received by the jury unhampered by any suggestion or insinuation of any former crime of misconduct that would prejudice jurors ... We commend vigorous prosecutions so long as they are conducted within the rules of evidence. Our adversary system of jurisprudence does not contemplate that attorneys for either side will be completely passive or indifferent during court trials. Yet, fundamental fairness requires that any defendant should not be subjected to testimony and tactics which are highly inflammatory and prejudicial as shown by the record before us. See Allison v. State, 274 So.2d 678 (Miss. 1973); Kelly v. State, 278 So.2d 400 (Miss. 1973); and Wood v. State, 257 So.2d 193 (Miss. 1972). (285 So.2d at 180).
We are of the opinion that the appellant was subjected to such irrelevant, inflammatory and prejudicial evidence that *777 he was effectively denied his right to a fair and impartial trial. Therefore, the case must be reversed and remanded for a new trial for another jury to determine his guilt or innocence.
One of the statements made by the District Attorney in his closing argument was "you are not the final judges of this and if he appeals, he has the right to be out on bond." This is an inaccurate statement of the law and could have been very misleading to the jury. A person convicted of certain felonies, including robbery, is not entitled to bail since the applicable statute was passed in 1880, unless the court in its discretion decided that for some reason justice would be best served by bail being granted. The person convicted of robbery has no automatic right to bail. Section 99-35-115, Mississippi Code 1972 Annotated.
We, therefore, are required to hold that the district attorney, although he was prosecuting vigorously, a duty which is to be commended, went beyond the bounds of giving the appellant a completely fair and impartial trial by injecting into the closing argument the instructions to the jury, both directly and indirectly by implication, that if they should make a mistake, it would be corrected. The jury was not informed that the jurors only were the ones who determined the facts, not the appellate court. Just the opposite was left in the minds of the jurors. The quoted parts of the argument could only leave in the jurors' minds that if they decided a close, contradicted fact and found the defendant guilty thereby, the appellate court could change that finding. The actions of the trial court were not sufficient to cure the error.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH and SUGG, P. JJ., and WALKER, BROOM, ROY NOBLE LEE, HAWKINS and DAN M. LEE, JJ., concur.